UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| GARY CURRAN, Individually and on Behalf ) of All Others Similarly Situated, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> FRESHPET, INC., RICHARD THOMPSON, ) RICHARD KASSAR, SCOTT MORRIS, and ) CHARLES A. NORRIS, ) <br> ) <br> Defendants. ) <br> ) | Civil Action No. 16-2263(MCA)(LDW) <br><br> **STIPULATION AND PROTECTIVE ORDER REGARDING CONFIDENTIAL WITNESS NUMBER 1** |

WHEREAS, Confidential Witness Number 1 ("CW 1") is a witness upon whom Lead Plaintiff Alaska Electrical Pension Fund ("Lead Plaintiff") relied for certain allegations in the Amended Complaint (ECF No. 28);

WHEREAS, CW 1 has expressed to Lead Plaintiff's counsel the concern that disclosure of CW 1's identity to Defendants may result in some form of harassment, retaliation, retribution, and/or harm to CW 1's reputation;

WHEREAS, Defendants deny that disclosure of CW 1's identity to Defendants will result in any form of harassment, retaliation, retribution, and/or harm to CW 1's reputation;

WHEREAS, Lead Plaintiff did not list CW 1's name on Lead Plaintiff's Initial Disclosure Statement, dated February 27, 2018, as a person whom Lead Plaintiff may use to support its claims or defenses;

WHEREAS, Defendants seek the identity of CW 1 to confirm that Lead Plaintiff interviewed CW 1, and to confirm that certain allegations in the Amended Complaint were conveyed by CW 1 to Lead Plaintiff;

WHEREAS, counsel for the parties have conferred and agree to maintain the confidentiality of CW 1's identity consistent with the conditions set forth below;

IT IS HEREBY STIPULATED AND AGREED by and between the undersigned, subject to approval of the Court, as follows:

1.      The disclosure of the identity of CW 1 will be made only to outside counsel for Defendants.[1] Outside counsel for Defendants are prohibited from sharing the identity of CW 1 with any other person or entity, including but not limited to, any current or former employee or officer of Freshpet, Inc. ("Freshpet"), including in-house counsel for Freshpet. This prohibition extends indefinitely, including after the conclusion of this Action.

2.      In addition, absent advance written approval by the Court, the identity of CW 1 may not be referenced in any Court filings or correspondence among the Parties. The only exception will be the letter which counsel for Lead Plaintiff will send to outside counsel for Defendants containing CW 1's identity. Such letter will be sent by Counsel for Lead Plaintiff no later than three (3) business days after entry of this Protective Order on the Court's docket. Such letter, and any other documents that may be produced by Lead Plaintiff that include the identity of CW 1, shall be marked "Highly Confidential" and shall be subject to the conditions of this Order.

3.      In the event that Defendants depose CW 1, only outside counsel for Defendants shall be permitted to attend the deposition on behalf of Defendants. If outside counsel for Defendants determine that a transcript of such deposition must be shared with Defendants in order to litigate the

---

[1]      Outside counsel as used in this Protective Order shall include "regular or temporary employees and service vendors of such counsel (including outside copying and litigation support services) assisting in the conduct of this action[.]" *See* Stipulation and Protective Order Restricting Disclosure of Confidential Information ¶12(c) (ECF No. 45). Each non-attorney employed by outside counsel for Defendants who is provided access to the identity of CW 1 shall execute an Agreement of Confidentiality in substantially the form attached hereto as Exhibit A.

issues in this Action (aside from confirming that Lead Plaintiff interviewed CW 1, and aside from confirming that certain allegations in the Amended Complaint were conveyed by CW 1 to Lead Plaintiff), outside counsel for Defendants shall redact all information in the transcript that would otherwise reveal CW 1's identity.  Defendants' outside counsel's proposed redactions shall be submitted to Lead Plaintiff for prior approval.  If the parties disagree over the redactions, or disagree that a redacted transcript may be shared with Defendants, the issue shall be resolved by the Court.

4.     The agreement of the parties to entry of this Order does not limit the parties' rights to seek a modification of this Order at a later point.

5.     Counsel for the parties agree that this Court shall retain jurisdiction over them for purposes of enforcing this Order.

Dated: June 6 , 2018

Respectfully submitted,

_____
Jay A. Dubow
Robert L. Hickok
Meredith Sherman
PEPPER HAMILTON LLP
3000 Two Logan Square
Eighteenth & Arch Streets
Philadelphia, PA 19103
(215) 981-4000

*Attorneys for Defendants*
*Freshpet, Inc., Richard Thompson, Richard*
*Kassar, Scott Morris and Charles Norris*

_____
James E. Cecchi
Lindsey H. Taylor
CARELLA, BYRNE, CECCHI,
OLSTEIN, BRODY & AGNELLO, P.C.
5 Becker Farm Road
Roseland, NJ 07068
(973) 994-1700

*Liaison Counsel for Lead Plaintiff*

issues in this Action (aside from confirming that Lead Plaintiff interviewed CW 1, and aside from confirming that certain allegations in the Amended Complaint were conveyed by CW 1 to Lead Plaintiff), outside counsel for Defendants shall redact all information in the transcript that would otherwise reveal CW 1's identity. Defendants' outside counsel's proposed redactions shall be submitted to Lead Plaintiff for prior approval. If the parties disagree over the redactions, or disagree that a redacted transcript may be shared with Defendants, the issue shall be resolved by the Court.

4.     The agreement of the parties to entry of this Order does not limit the parties' rights to seek a modification of this Order at a later point.

5.     Counsel for the parties agree that this Court shall retain jurisdiction over them for purposes of enforcing this Order.

Dated: June 6 , 2018

Respectfully submitted,

_____
Jay A. Dubow
Robert L. Hickok
Meredith Sherman
PEPPER HAMILTON LLP
3000 Two Logan Square
Eighteenth & Arch Streets
Philadelphia, PA 19103
(215) 981-4000

*Attorneys for Defendants*
*Freshpet, Inc., Richard Thompson, Richard*
*Kassar, Scott Morris and Charles Norris*

James E. Cecchi
Lindsey H. Taylor
CARELLA, BYRNE, CECCHI,
OLSTEIN, BRODY & AGNELLO, P.C.
5 Becker Farm Road
Roseland, NJ 07068
(973) 994-1700

*Liaison Counsel for Lead Plaintiff*

Samuel H. Rudman
Alan I. Ellman
ROBBINS GELLER RUDMAN
& DOWD LLP
58 South Service Road, Suite 200
Melville, NY 11747
(631) 367-7100

*Lead Counsel for Lead Plaintiff*

Michael I. Fistel, Jr.
JOHNSON & WEAVER, LLP
40 Powder Springs Street
Marietta, Georgia 30064
(770) 200-3104

Frank J. Johnson
JOHNSON & WEAVER, LLP
600 West Broadway, Suite 1540
San Diego, CA 92101
(619) 230-0063

*Additional Plaintiff's Counsel*

SO ORDERED THIS 12th day of June, 2018.

LEDA DUNN WETTRE, U.S.M.J.

## EXHIBIT A

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

GARY CURRAN, Individually and on Behalf )   Civil Action No. 16-2263(MCA)(LDW)
of All Others Similarly Situated,                        )
                                                         )
                             Plaintiff,                  )
                                                         )
           vs.                                           )
                                                         )
FRESHPET, INC., RICHARD THOMPSON,        )
RICHARD KASSAR, SCOTT MORRIS, and        )
CHARLES A. NORRIS,                       )
                                         )
                             Defendants.  )
                                          )

## AGREEMENT OF CONFIDENTIALITY

I reside at _____.

My present employer is _____.

1.      My present occupation or job description is _____.

2.      I have read the Stipulation and Protective Order Regarding Confidential Witness

Number 1 dated _____, 2018 (the "Order"), and either am a non-lawyer employee of, or

have been engaged as _____ on behalf of, _____ in connection

with the litigation styled *Curran v. Freshpet, Inc.*, Civil Action No. 16-2263(MCA)(LDW).

3.      I am fully familiar with, and agree to comply with and be bound by the provisions of,

said Order. I will not divulge to persons other than those specifically authorized by said Order, and

will not copy or use except solely for the purpose of this action, any information obtained pursuant

to said Order, except as provided in said Order. I also agree to notify any stenographic or clerical

personnel who are required to assist me of the terms of said Order.

      4.      I understand that if I violate the terms of the Order, I may be subject to an enforcement proceeding before the United States District Court, District Court of New Jersey.

      3.      I agree to submit myself to the personal jurisdiction of the United States District Court, District Court of New Jersey in connection with any proceeding concerning the Order.


Executed on _____


_____
                        Signature

_____
                        Print Name