James E. Cecchi
Lindsey H. Taylor
CARELLA, BYRNE, CECCHI,
    OLSTEIN, BRODY & AGNELLO, P.C.
5 Becker Farm Road
Roseland, NJ  07068
(973) 994-1700

Liaison Counsel for Plaintiff

Samuel H. Rudman
Alan I. Ellman
Avital O. Malina
ROBBINS GELLER RUDMAN
    & DOWD LLP
58 South Service Road, Suite 200
Melville, NY  11747
(631) 367-7100

Lead Counsel for Plaintiff

### UNITED STATES DISTRICT COURT

### DISTRICT OF NEW JERSEY

| | |
|---|---|
| GARY CURRAN, Individually and on Behalf of All Others Similarly Situated, ) ) | No. 2:16-cv-02263-MCA-LDW |
| ) | |
| Plaintiff, ) | CLASS ACTION |
| ) | |
| vs. ) | DECLARATION OF MICHAEL I. FISTEL, |
| ) | JR. FILED ON BEHALF OF JOHNSON |
| FRESHPET, INC., et al., ) | FISTEL, LLP IN SUPPORT OF |
| ) | APPLICATION FOR AWARD OF |
| Defendants. ) | ATTORNEYS' FEES AND EXPENSES |
| ) | |

I, Michael I. Fistel, Jr. declare as follows:

1.      I am a partner at the firm of Johnson Fistel, LLP ("Johnson Fistel").  I am submitting this declaration in support of my firm's application for an award of attorneys' fees and expenses in connection with services rendered in the above-entitled action.

2.      This firm is counsel of record for plaintiff Gary Curran.

3.      The information in this declaration regarding the firm's time and expenses is taken from time and expense printouts and supporting documentation prepared and/or maintained by the firm in the ordinary course of business.  I am the partner who oversaw and/or conducted the day-to-day activities in the litigation, and I reviewed these printouts (and backup documentation where necessary or appropriate) in connection with the preparation of this declaration.  The purpose of this review was to confirm both the accuracy of the entries on the printouts as well as the necessity for, and reasonableness of, the time and expenses committed to the litigation.  As a result of this review, reductions were made to both time and expenses in the exercise of billing judgment.  To assure the accuracy of the hours entered in all cases, my firm has a regular business practice and policy of maintaining contemporaneous time records which are checked for accuracy on a monthly basis.

4.      As a result of this review and the adjustments made, I believe that the time reflected in the firm's lodestar calculation and the expenses for which payment is sought as set forth in this declaration are reasonable in amount and were necessary for the effective and efficient prosecution and resolution of the litigation.  In addition, I believe that the expenses are all of a type that would normally be charged to a fee-paying client in the private legal marketplace.

5. After the reductions referred to above the number of hours spent on this litigation by my firm is 256.8 hours. A breakdown of the lodestar is provided in Exhibit A. The lodestar amount for attorney/paraprofessional time based on the firm's current rates is $125,838.50. The hourly rates shown in Exhibit A are the usual and customary rates set by the firm for each individual.

6. My firm seeks an award of $1,382.52 in expenses and charges in connection with the prosecution of the litigation. Those expenses and charges are summarized by category in Exhibit B.

7. The following is additional information regarding certain of these expenses:

(a) Filing, Witness, and Other Fees: $435.06. These expenses have been paid to the Court for filing fees and to overnight delivery service vendors. The vendors who were paid for these services are set forth in Exhibit C.

(b) Class Action Notices/Business Wire: $725.00. This expense was necessary under the Private Securities Litigation Reform Act of 1995's "early notice" requirements, which provides, among other things, that "[n]ot later than 20 days after the date on which the complaint is filed, the plaintiff or plaintiffs shall cause to be published, in a widely circulated national business-oriented publication or wire service, a notice advising members of the purported plaintiff class – (I) of the pendency of the action, the claims asserted therein, and the purported class period; and (II) that, not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class." *See* 15 U.S.C. §78u-4(a)(3)(A)(i).

(c) Online Legal and Financial Research: $222.46. This category includes vendors such as LexisNexis. These resources were used to obtain access to factual databases, legal

research, and for cite-checking of briefs.  This expense represents the expense incurred by Johnson Fistel for use of these services in connection with this litigation.  The charges for these vendors vary depending upon the type of services requested.

8.     The expenses pertaining to this case are reflected in the books and records of this firm.  These books and records are prepared from receipts, expense vouchers, check records, and other documents and are an accurate record of the expenses.

9.     The identification and background of my firm and its partners is attached hereto as Exhibit D.

I declare under penalty of perjury that the foregoing is true and correct.  Executed this 14th day of January, 2020, at Marietta, Georgia.

_____
MICHAEL I. FISTEL, JR.

# EXHIBIT A

**EXHIBIT A**

***Curran v. Freshpet, Inc., et al.*, Case No. 2:16-cv-02263-MCA-LDW**
Johnson Fistel, LLP
Inception through December 31, 2019

| *NAME* | | *HOURS* | *RATE* | *LODESTAR* |
|---|---|---|---|---|
| Frank J. Johnson | (P) | 7.5 | $945.00 | $7,087.50 |
| Michael I. Fistel, Jr. | (P) | 54.7 | $785.00 | $42,939.50 |
| David A. Weisz | (A) | 149.3 | $415.00 | $61,959.50 |
| James M. Baker | (FA) | 1.5 | $525.00 | $787.50 |
| Paralegals | (PL) | 42 | $245.00-$330.00 | $12,749.50 |
| Legal Assistants | (LA) | 1.8 | $175.00 | $315.00 |
| *TOTAL* | | *256.8* | | *$125,838.50* |

(P) Partner

(A) Associate

(FA) Financial Analyst

(PL) Paralegal

(LA) Legal Assistant

# EXHIBIT B

**EXHIBIT B**

***Curran v. Freshpet, Inc., et al.*, Case No. 2:16-cv-02263-MCA-LDW**
Johnson Fistel, LLP
Inception through December 31, 2019

| *CATEGORY* | *AMOUNT* |
|---|---|
| Filing, Witness, and Other Fees | $435.06 |
| Class Action Notices/Business Wire | $725.00 |
| Online Legal and Financial Research | $222.46 |
| *TOTAL* | *$1,382.52* |

# EXHIBIT C

**EXHIBIT C**

***Curran v. Freshpet, Inc., et al.*, Case No. 2:16-cv-02263-MCA-LDW**
Johnson Fistel, LLP
Inception through December 31, 2019

Filing, Witness, and Other Fees: $435.06

| *DATE* | *VENDOR* | *PURPOSE* |
|---|---|---|
| 10/18/2018 | NJ Lawyers' Fund for Client Protection | Pro Hac Vice Admission Assessment Fee for David A. Weisz |
| 10/18/2018 | U.S. District Court | Pro Hac Vice Admission Fee for David A. Weisz |
| 10/18/2018 | FedEx | Pro Hac Vice Check Delivery |
| 10/18/2018 | FedEx | Payment to NJ Law Fund |

EXHIBIT D

# JF JOHNSON FISTEL

# FIRM RESUME

SAN DIEGO, CALIFORNIA • NEW YORK, NEW YORK • MARIETTA, GEORGIA

WWW.JOHNSONFISTEL.COM

# TABLE OF CONTENTS

**INTRODUCTION**................................................................................................1

**OUR ATTORNEYS**..........................................................................................1

*PARTNERS*......................................................................................................*1*
   FRANK J. JOHNSON ..................................................................................1
   MICHAEL I. FISTEL, JR...............................................................................5
   BRETT M. MIDDLETON ..............................................................................6

*ASSOCIATES*..................................................................................................*8*
   MARY ELLEN CONNER.............................................................................8
   KRISTEN L. O'CONNOR ..........................................................................10
   CHASE M. STERN .....................................................................................11
   WILLIAM W. STONE .................................................................................12
   ADAM J. SUNSTROM ................................................................................13
   PHONG L. TRAN .......................................................................................14

*SPECIAL COUNSEL & TRIAL ATTORNEY* ......................................*16*
   TIFFANY R. JOHNSON .............................................................................16

*OF COUNSEL* ...............................................................................................*17*
   RICHARD A. NERVIG...............................................................................17
   RALPH M. STONE .....................................................................................18

**SELECTED EXAMPLES OF REPRESENTATIVE MATTERS**......................22
   Business and Commercial Litigation ................................................................22
   Trials & Arbitrations ........................................................................................23
   Shareholder Derivative Actions .......................................................................24
   Corporate Takeover Litigation ........................................................................26
   Securities Class Actions ...................................................................................27
   Consumer Class Actions ..................................................................................28

**NOTEWORTHY SUCCESS STORIES** ..........................................................29
   A Happy Client Following Trial .......................................................................29
   Record Setting Class Action Settlement in Washington ....................................30
   One of the Largest Recoveries in a Derivative Case in Tennessee .....................30
   Helped Secure $24 million for the Company ....................................................31
   Helped Secure $29 Million for Shareholders....................................................31
   Helped Investors Who Suffered Losses In Connection with Public Offerings .....31
   Examples of Settlements Requiring Stricter Company Controls..........................32

**TESTIMONIALS**.............................................................................................35

# INTRODUCTION

Johnson Fistel, LLP is a law firm built on the following five core values that every member embraces: trust, hard work, determination, integrity, and excellence in everything we do. These values are more than words on a piece of paper; we embrace them in all aspects of representing our clients. Whether we're pursuing damages for or against a billion dollar corporation or challenging a small transaction, Johnson Fistel devotes the necessary resources and legal expertise to secure the best result possible. In sum, our interests are aligned with those of our clients. Their success determines our own.

We believe we are only as good as our people, and Johnson Fistel recruits only the best and brightest and most determined candidates possible. Our lawyers include those who started their training by working for esteemed judges in both state and federal courts and have also worked at the largest law firms in the world. We pride ourselves on providing the same level of service with a greater level of efficiency. As a result, we have developed the reputation for delivering big-firm results with the efficiency and personal touch one would expect at a small law firm.

# OUR ATTORNEYS

## PARTNERS

### FRANK J. JOHNSON

Mr. Johnson is one of the founding partners of Johnson Fistel and has twenty-five years of experience as a trial attorney focusing on complex civil litigation. Prior to starting his own law firm in 2004, Mr. Johnson was a partner in the law firm Sheppard, Mullin, Richter & Hampton, LLP, a full-service Am Law 100 law firm with 875 attorneys in 15 offices located around the world.

While at Sheppard Mullin, Mr. Johnson represented some of the largest companies in the country in complex business disputes conducting trials in state and federal court. He brings this "Big Law" experience to his current practice where he can offer the efficiency and personal touch of a smaller law firm. With the trust and confidence of his colleagues and clients over the past 15 years, the law firm that Mr. Johnson started with just one lawyer has now grown to a full-service litigation law firm with 14 lawyers and offices in California, Georgia, and New York.

Representative Matters: Mr. Johnson's experience representing publicly traded companies at Sheppard Mullin has carried over to his current practice. Mr. Johnson

has been and continues to be retained by private and publicly-traded companies. For example, in 2013 the court appointed U.S. Chapter 7 Trustee overseeing the bankruptcy of Powerwave Technologies, Inc. retained Mr. Johnson as lead counsel to pursue claims for breach of fiduciary duty against the company's wayward officers and directors. Mr. Johnson helped the Trustee recover $5.5 million for the estate. *In re Powerwave Technologies, Inc.*, (Bankr. D. Del.). Mr. Johnson obtained a similar result in *In re Artes Medical, Inc.*, (Bankr. S.D. Cal.) when the U.S. Chapter 7 Trustee of Artes Medical, Inc. retained Mr. Johnson as lead counsel. Mr. Johnson helped the estate recover a multi-million-dollar settlement. In finding that "[t]here's no question in my mind that this settlement is in the best interest of this Estate," the Honorable Laura S. Taylor stated, "I want to compliment Mr. Johnson, and I want to compliment on the successful recovery for the Estate. The creditors thank you, and I thank you." *See also International Real Estate PLC v. Oaktree Capital Management, LLC*, (Cal. Super. Ct. Los Angeles Cnty.) (a public company with shares listed on the London Stock Exchange retained Mr. Johnson as lead counsel to pursue claims for breach of fiduciary duty against former directors of a joint venture company for damages in excess approximately $20 million; the case ultimately settled on favorable terms to International Real Estate) (*See* testimonial from the firm's client under Testimonials).

Mr. Johnson has also continued to represent individual clients and small companies through jury verdicts in complex civil litigation. By way of example, in *Healthy Life Marketing, LLC, et al. v. Jaime Brenkus' Sound Body, Inc.* (San Diego Superior Court), Mr. Johnson helped his client recover a seven-figure verdict following a week-long jury trial. *See* testimonial from the firm's client below. Similarly, in *DCI Solutions v. Urban Outfitters* (S.D. Cal), Mr. Johnson served as lead trial counsel for a small local consulting firm in a case against one of the nation's largest clothing retailers in a matter that would have forced the company into bankruptcy if it lost. Following a week-long trial in federal court, the jury returned a verdict rejecting the retailer's $1.5 million damage claim in its entirety.

In addition to his complex civil litigation practice, Mr. Johnson has served as lead or co-lead counsel in scores of representative matters (class actions and derivative actions) throughout the country, including: *In re Motorola, Inc. Derivative Litigation*, (Ill. Cir. Ct. Cook County) (derivative action settled after six years of litigation on terms that required the implementation of comprehensive corporate therapeutic changes valued by one expert at over $1 billion); *In re the Titan Corp. Derivative Litigation*, (San Diego Superior Court) (derivative action resulting in $29 million in increased consideration to Titan's shareholders in the all-cash merger acquisition); *Bagot v. Bracken, et al.*, (Tenn. 6th Cir.) (derivative action resulting in a payment of $19 million to the company, believed to be among the largest recoveries in a derivative case in the State of Tennessee, and implementation of significant corporate therapeutics); *Englehart v. Brown*, *et al.* (Wash. Super. Ct. King Cnty)

(shareholder class action resulting in what is believed to be the largest recovery ever obtained in a class action challenging the price of a merger or acquisition of a public company in a Washington court, $12.75 million additional consideration for class members); and *Baker v. Visa International Corp.*, (San Diego Superior Court) (consumer class action against Visa for wrongfully assessing undisclosed fees by manipulating the currency conversion rates when consumers used their Visa Card for purchases in other countries and ultimately coordinated with *In re Currency Conversion Fee Antitrust Litigation* which resulted $336 million for the class members).

Areas of Practice: Mr. Johnson's practice focuses on complex litigation. Mr. Johnson has extensive experience in all aspects of trial practice, mediation, trial preparation, and non-jury and jury trials in state and federal court. In addition to his general trial practice, Mr. Johnson has both prosecuted and defended a number of cases involving securities fraud in class actions and derivative cases.

Professional Qualifications and Activities: Mr. Johnson was admitted to the State Bar of California in 1994. He is currently admitted in good standing with the following courts:

- The Supreme Court of the United States of America
- All courts in the State of California
- The United States Courts of Appeals for the Third and Ninth Circuits
- The United States District Courts for the Southern, Central, Eastern, and Northern Districts of California
- The United States Court of Federal Claims
- The United States District Court for the Northern District of Illinois
- The United States District Court for the District of Colorado

Mr. Johnson is currently, or has been previously, a member of the following professional organizations:

- The San Diego County Bar Association
- The Federal Bar Association
- The Litigation Section of the State Bar of California
- SD Regional Chamber of Commerce, Vice Chair Tech Comm. (2002-03, 2003-04, 2004-05)
- Association of Business Trial Lawyers, Member of the Board of Governors (2018-2020)

Mr. Johnson completed the following trial advocacy programs:

- San Diego County District Attorney one-month misdemeanor jury trial program
- Louis M. Welsh American Inn of Court, one-year program

- San Diego Inn of Court College of Advocacy, multi-week trial course
- San Diego Inn of Court College of Advocacy, multi-week evidence course

Following graduation from law school in 1994, Mr. Johnson served as a judicial law clerk for one year for the Honorable John S. Rhoades, a federal trial judge in the United States District Court for the Southern District of California.

Awards and Peer Recognition:

- *Martindale-Hubbell*: Martindale-Hubbell Peer Review Ratings, the gold standard in attorney ratings, have recognized lawyers for their strong legal ability and high ethical standards for more than a century. Mr. Johnson has received an AV rating for more than 16 consecutive years, awarded to only those lawyers with the highest ethical standards and professional ability, as established by confidential opinions from members of the Bar.

- *Super Lawyers*: Mr. Johnson is recognized as a Super Lawyer in Business and Securities Litigation. Thomson Reuters awards this recognition to the top 5% of attorneys who have obtained a high-level of professional achievement and are highly regarded by their peers.

- *San Diego Magazine Top Lawyers*: In its March 2019 edition, San Diego Magazine recognized Mr. Johnson as one of the Top Lawyers in San Diego. Each year, San Diego Magazine compiles a list, based on peer reviews, of local lawyers who have reached the highest levels of ethical standards and professional excellence. This year, the magazine listed only seven lawyers in Complex Litigation in San Diego and Mr. Johnson was on the list once again. This year is the sixth consecutive year that San Diego Magazine has recognized Mr. Johnson for his achievements.

Education: Mr. Johnson received his Juris Doctor degree from Washington University School of Law in 1994, where he was in the top 10% of his class while in attendance. In his first year of law school, Mr. Johnson received the American Jurisprudence Award in Contracts. At both Washington University School of Law and the University of San Diego School of Law (where Mr. Johnson was a visiting student in his third year), Mr. Johnson won first place awards in each school's Moot Court Competition. He received his Bachelor of Science degree in Business Administration with an emphasis in Finance from San Diego State University in 1990, where he graduated second in his class major, with honors and *summa cum laude*.

Community and Volunteer Activities: Mr. Johnson serves on the Board of Governors for the San Diego Chapter of the Association of Business Trial Lawyers. And for a number of years, he served as a volunteer at Voices for Children, where he

acted as a CASA (Court Appointed Special Advocate) meeting several times each month with a foster child and attending court hearings to advocate for the child's best interests.

## MICHAEL I. FISTEL, JR.

Mr. Fistel is one of the founding partners of Johnson Fistel and manages the firm's Marietta, Georgia office.  He has spent his entire career specifically dedicated to protecting investor rights in shareholder class action and derivative litigation around the country.  Several recent examples of results obtained by Mr. Fistel include: *Alex v. McCullough, et al.*, No. 1:12-cv-08834 (N.D. Ill.), a shareholder derivative action where Mr. Fistel helped secure a $20 million recovery and sweeping management and board-level corporate governance reforms for Career Education Corporation; *Gerneth v. Chiasma, Inc.*, No. 1:16-cv-11082-DJC (D. Mass.), a securities class action lawsuit where Johnson Fistel served as co-lead counsel and secured an $18.75 million class-wide settlement; and *In Re Flowers Foods, Inc. Securities Litigation*, No. 7:16-CV-00222-WLS (M.D. Ga.), another securities class action where Johnson Fistel serves as lead counsel and in which a settlement-in-principle in the amount of $21.0 million was recently reached and is pending approval from the Court.

Prior to joining as one of the founding partners of Johnson Fistel, Mr. Fistel was a partner at an Atlanta-based boutique litigation firm that represented individuals and businesses in shareholder and other complex litigation in federal and state courts throughout the country.  In that role, Mr. Fistel served as partner-in-charge of the firm's active case inventory, and obtained millions of dollars on behalf of injured shareholders, consumers, and businesses.  Mr. Fistel was also instrumental in securing sweeping corporate governance reforms at numerous publicly-traded companies.

In 2011, 2013, 2014, 2015, and 2016, Mr. Fistel was recognized as a Georgia Super Lawyer—Rising Star by Atlanta Magazine, an honor bestowed on just 2.5% of the attorneys in the State of Georgia.  Additionally, Mr. Fistel has an AV rating with Martindale-Hubbell, which indicates very high to preeminent legal ability and very high ethical standards as established by confidential opinions from members of the Bar.

Mr. Fistel has also been invited to speak at the Georgia State University School of Law in the area of corporate governance and shareholder rights and has served as an invited panelist for the Securities and Corporate Litigation Sub-Section of the Atlanta Bar Association.

Areas of Practice:  Mr. Fistel devotes his practice to representing individuals, institutions, and businesses in shareholder and other complex litigation.  Specifically,

a substantial portion of Mr. Fistel's practice is focused on representing shareholders in securities fraud class action litigation and shareholder derivative litigation. In addition to shareholder litigation, Mr. Fistel also represents aggrieved consumers and businesses in other complex litigation arising out of financial and consumer fraud.

Professional Qualifications: Mr. Fistel was admitted to the State Bar of Georgia in 2001, and is currently admitted in good standing with the following courts:

- All courts in the State of Georgia
- The Supreme Court of the United States of America
- The United States Courts of Appeals for the First, Second, Fourth, Tenth, and Eleventh Circuits
- The United States District Courts for the Northern and Middle Districts of Georgia
- The United States District Court for the District of Colorado
- The United States District Court for the Northern District of Illinois
- The United States District Court for the District of Maryland

Education and Awards: Mr. Fistel attended New England Law in Boston, Massachusetts, earning his Juris Doctor degree in 2001. While at New England Law, Mr. Fistel was repeatedly named to the Dean's List and received the CALI Award for Excellence in Trial Practice and Sports Law. Prior to attending New England Law, Mr. Fistel attended Florida State University as a Florida Undergraduate Scholar, and graduated with a Bachelor of Arts degree in English.

Community and Volunteer Activities: Mr. Fistel is an active member of his local Hickory Flat, Georgia community, having served as an Executive Board Member and as Secretary of the Board of Directors of East Cherokee Baseball, a total volunteer youth sports organization where approximately 500 boys and girls ages 3-17 are provided a safe, fun, and educational baseball experience. Mr. Fistel and his family are members of St. Peter Chanel Catholic Church in Roswell, Georgia.

## BRETT M. MIDDLETON

Mr. Middleton has over two decades of significant securities, corporate, and business litigation experience in which he has recouped billions of dollars in cash and shareholder value on behalf of institutional and individual shareholders. Working with the firm's shareholder clients, he strives to hold management of publicly traded companies accountable by achieving significant financial recoveries and meaningful corporate governance reforms. Mr. Middleton focuses specifically on representing shareholders in securities fraud class actions, shareholder derivative suits, and mergers and acquisitions ("M&A") transactional litigation.

Mr. Middleton has served in prior litigation as lead or co-lead counsel in a wide variety of high-profile securities fraud class actions, including: *Lehman Brothers Securities Litigation* (S.D.N.Y.) (recovered $615 million for investors from multiple defendants arising from the alleged accounting fraud that prolonged the historic bankruptcy); *Lumber Liquidators Securities Litigation* (E.D. Va.) (obtained over $40 million in cash and common stock for class members arising from alleged scheme to inflate margins by importing cheap and illegal flooring products as exposed by the CBS news show *60 Minutes*); *Clarent Corp. Securities Litigation* (N.D. Cal.) (after a four-week jury trial, obtained rare jury verdict in favor of plaintiffs and against the former CEO); *Williams Securities Litigation* (N.D. Okla.) ($311 million combined settlement for alleged accounting fraud, which was the largest settlement at the time without a company restatement); *Accredo Health Securities Litigation* (W.D. Tenn.) ($33 million for investors arising from accounting fraud claims); and *Accredited Home Lenders Securities Litigation* (S.D. Cal.) ($22 million recovered for investors for fraud claims relating to mortgage lending practices).

He also has extensive experience representing individual and institutional shareholders in derivative litigation seeking to improve corporate governance practices and enforce the fiduciary obligations of corporate boards and officers. Among others, he prosecuted shareholder derivative actions on behalf of Activision, Apollo, News Corporation, and the Ryland Group. Moreover, Mr. Middleton has contributed significantly to efforts to challenge the improper use of defensive measures and deal protections for management's benefit, including M&A transactional litigation actions involving Arena Resources, Alberto-Culver and Unilever, Caremark and CVS, Emulex and Broadcom, Long Drugs and CVS, Medco and Express Scripts, Ticketmaster and Live Nation, and Yahoo! and Microsoft.

Prior to joining Johnson Fistel, Mr. Middleton served for 14 years as an Associate and Senior Counsel at the plaintiff class action law firm of Bernstein Litowitz Berger & Grossmann LLP, where he was instrumental in the prosecution of securities fraud class actions, shareholder derivative litigation, and M&A transactional actions.

Recognition:  For his professional achievements, Mr. Middleton has received multiple industry and national recognitions, including "San Diego Super Lawyer" by *Super Lawyers*, "Best of the Bar" by the *San Diego Business Journal*, and "Recommended Lawyer in M&A Related Shareholder Litigation" by *Legal 500 USA Guide*.

Professional Qualifications and Associations:  Mr. Middleton was admitted to the State Bar of California on December 8, 1998 and is admitted in good standing with all courts in the State of California.  He is also admitted in good standing with

the United States District Courts for the Central, Northern, and Southern Districts of California.

Mr. Middleton is a member of the following professional associations:

- Association of Business Trial Lawyers
- California Lawyers Association, Litigation and Business Law
- North County Bar Association
- San Diego County Bar Association
- UCLA Alumni Association, San Diego Network
- University of San Diego School of Law Alumni Association

Education:  Mr. Middleton earned his Juris Doctor Degree from the University of San Diego School of Law on May 23, 1998.  He obtained a Bachelor of Arts degree from the University of California, Los Angeles on June 18, 1993.

## ASSOCIATES

### MARY ELLEN CONNER

Ms. Conner is an attorney in the Atlanta office of Johnson Fistel.  Ms. Conner's extensive experience in securities litigation is exemplified by her active role in securing an $18.75 million settlement on behalf of a proposed class of investors alleging the biopharmaceutical company, Chiasma, Inc., misled investors in its 2015 initial public offering about the prospects for regulatory approval of the company's drug candidate, Mycapssa, in violation of §§ 11 and 15 of the Securities Act of 1933.

Ms. Conner's fiduciary duty litigation experience is highlighted by her instrumental work in negotiating a favorable settlement for her client in the In re International Textile Group Merger Litigation, brought by Safety Components International ("SCI") minority shareholders against WL Ross & Co., certain current and former officers and directors of International Textile Group ("ITG"), and others, arising out of the merger of ITG and SCI in which minority shareholders alleged breach of fiduciary duties by controlling shareholders.

Areas of Practice:  Ms. Conner concentrates her practice on securities litigation and complex commercial disputes, representing businesses and individuals who have been wronged by corporate fraud in shareholder litigation, including direct and derivative actions.

Prior to joining Johnson Fistel, Ms. Conner practiced law at Jones Day, a full-service law firm with more than 2,500 lawyers and 43 offices around the world, representing *Fortune 500* companies in complex commercial and securities litigation.

Additionally, Ms. Conner has since served on the faculty of Atlanta's John Marshall Law School teaching Civil Procedure I and II; Legal Research, Writing, and Analysis I; and Legal Communications and Process. She also served as the Faculty Adviser to the Moot Court and co-directed the school's Oral Advocacy Competition.

Ms. Conner also previously represented numerous businesses, healthcare providers (including hospitals, physician groups, laboratories, Durable Medical Equipment supply companies, and ambulatory surgery centers), and individuals in government investigations and litigation brought by the Department of Justice and Office of Inspector General for alleged violations of the False Claims Act, federal securities and commodities fraud statutes, and insider trading laws.

Professional Qualifications: Ms. Conner was admitted to the State Bar of Georgia in 2011 and is admitted to practice and in good standing with the following courts:

- All courts in the State of Georgia
- The United States District Court for the Northern District of Georgia
- The United States Court of Appeals for the Eleventh Circuit

Education and Awards: Ms. Conner graduated from the University of North Carolina at Chapel Hill as a Public Service Scholar with a B.A. in English and Psychology. She received her J.D. from the University of North Carolina School of Law with Honors in 2011, where she served on the editorial board for The North Carolina Law Review and received the Gressman-Pollitt Award for Excellence in Oral Advocacy from the Holderness Moot Court. While in law school, Ms. Conner also served as a summer clerk to The Honorable Judge Robert J. Conrad, Jr., Chief Judge for the Western District of North Carolina.

Ms. Conner is recognized as one of Atlanta's top lawyers by Martindale-Hubbell in 2019, having received the highest possible rating in both legal ability and ethical standards based upon peer reviews—the Martindale-Hubbell AV Preeminent peer rating. Ms. Conner was also recognized as a member of the General Litigation Department of the Year, awarded by *The Daily Report*, for the years 2013 and 2014. She also received the Safe Haven Award for Excellence in Pro Bono Representation in 2012.

Publications and Speaking Engagements:

"The 'Advice-of-Counsel' Defense: Cautionary Tales for Counsel in False Claims Act Cases," American Health Lawyers Association.

"Buyers Beware: The Drug Supply Chain Security Act and the False Claims Act," American Health Lawyers Association Fraud & Abuse, April 2017.

Speaker, "Responding to Governmental Civil Investigative Demands and Government Subpoenas," Clear Law Institute, February 21, 2017.

<u>Community and Volunteer Activities</u>: Ms. Conner remains active in legal education. She has served as an instructor at Emory University's School of Law Keissler Eidson Trial Techniques Program and volunteers as an instructor for Empire Mock Trial.

### **KRISTEN L. O'CONNOR**

Ms. O'Connor is an associate at Johnson Fistel and focuses on complex business and commercial litigation. Prior to joining Johnson Fistel, she served as Managing Counsel at clinivation, Inc., where she negotiated clinical trial agreements and provided market clearance submission development and support to global medtech and pharmaceutical industry clients, led budget and contract negotiation with leading clinical research institutions, and drafted client clinical standard operating procedures.

<u>Professional Qualifications and Activities</u>: Ms. O'Connor was admitted to the State Bar of California in 2015, and is currently admitted in good standing with the following courts:

- All courts in the State of California
- The United States District Courts for the Northern, Southern, and Central Districts of California

Ms. O'Connor is also a member of the following professional organizations:

- American Bar Association
- San Diego County Bar Association,
- American Inns of Court—J. Clifford Wallace Chapter
- Lawyers Club of San Diego

<u>Education and Awards</u>: Ms. O'Connor graduated *summa cum laude* and third in her class from the Thomas Jefferson School of Law, where she received the CALI Award for Excellence in Legal Writing I, Legal Writing II, Civil Practice, Contracts I, Property II, Entertainment Law Transactions, and Wills and Trusts. She received the Jefferson Medal for Mediation and Negotiation, and was a teaching assistant for Property. She served as an editor for the Thomas Jefferson Law Review, where her work in intellectual property was published. Ms. O'Connor received a Bachelor of Arts degree in Theatre from California Lutheran University, where she received academic scholarships. During her senior year, she was a visiting student at Charles University in Prague, Czech Republic, where she studied Eastern European history

and the Czech language.  Ms. O'Connor is currently pursuing an L.L.M. in Securities and Financial Regulation at Georgetown University Law Center.

## **CHASE M. STERN**

Mr. Stern is an associate in the San Diego office of Johnson Fistel.  Mr. Stern is an integral part of the firm's complex business and class action litigation practices, focusing on shareholder, consumer, and employment litigation.  Mr. Stern also has extensive experience representing individuals and corporations in complex business tort and contract matters, insurance coverage disputes, personal injury matters, and employment matters.

Throughout his career, Mr. Stern has been and continues to be retained by individuals and commercial entity plaintiffs in the prosecution of complex class action matters and his work has proved instrumental in securing significant, multi-million dollar settlements from some of the nation's largest employers, healthcare providers and commercial service providers.  Some of Mr. Stern's notable cases include: *Anello, et al. v. HealthSouth, et al.*, Lead Case No. GIC806902 ($5 million class settlement on behalf of surgery/rehabilitation patients where the average recovery of a class member was in excess of $13,000); *Martin v. Costco*, Case No. 34-2012-00118165 (significant consumer class settlement arising out false and misleading product labeling); *Conners v. Rag Traders Retail, LLC,* Case No. BC581413 (significant wage and hour class settlement); *Orzano v. Hazelwood Enterprises*, Case No. 37-2016-00029231 (significant wage and hour class settlement); *Gallagher v. H. H. Restaurant, Inc.,* Case No. 37-2016-00031247 (significant wage and hour class settlement); *Lujano v. Advantage Health Systems,* Case No. 27-2017-00023690 (significant wage and hour class settlement).

Notably, prior to joining Johnson Fistel, Mr. Stern served as trial counsel on behalf of a family-owned corporation in a case involving fraud and related tort claims, resulting in significant jury awards for compensatory and punitive damages, ultimately enabling Mr. Stern's client to continue its decades-old family business.

Areas of Practice:  Mr. Stern concentrates his practice on complex securities and derivative litigation, consumer rights litigation, and employment litigation, representing both plaintiffs and defendants.

Professional Qualifications and Activities:  Mr. Stern was admitted to the State Bar of California in 2013, and is admitted in good standing with the following courts:

- All courts in the State of California
- The United States District Courts for the Northern, Southern, and Central Districts of California
- United States Court of Appeals for the Ninth Circuit

Mr. Stern is also a member of the following professional organizations:

- American Bar Association
- Consumer Attorneys of San Diego
- San Diego County Bar Association
- North County Bar Association
- National Football League Players Association (NFLPA)

Mr. Stern is also a certified contract advisor/agent with the National Football League (NFL).

Education and Awards:  Mr. Stern earned his Bachelor of Science degree from Syracuse University in 2008 and his Juris Doctor degree from California Western School of Law in 2012, graduating from both institutions with honors.


## WILLIAM W. STONE

Mr. Stone has been instrumental in securing significant recoveries and sweeping reforms from numerous publicly-traded companies and other large institutions.  Prior to joining Johnson Fistel, Mr. Stone practiced complex civil litigation with two Atlanta-based litigation boutique firms, representing individuals and businesses in shareholder and consumer class action litigation and shareholder derivative litigation.

Areas of Practice:  Mr. Stone practices complex civil litigation with a focus on securities and consumer fraud class action litigation and shareholder derivative litigation.  He has litigated cases in both federal and state courts throughout the country, and has experience with all aspects of trial practice and discovery, including trial preparation and appeals.

Professional Qualifications: Mr. Stone was admitted to the State Bar of Georgia in 2007.  He is currently admitted to practice before the following courts:

- The United States Court of Appeals for the Eleventh Circuit
- The United States District Courts for the Middle and Northern Districts of Georgia
- All courts in the State of Georgia

Education and Awards: Mr. Stone received his Juris Doctor degree from the Georgia State University College of Law in 2007.  During law school, he received CALI Awards for Excellence in Trial Practice in Research, Writing, Advocacy, and Criminal Law, interned with a judge, and studied for a term at Johannes Kepler University in Linz, Austria, completing courses focusing on arbitration.  Prior to law school, he was a legal

assistant for a large law firm in Atlanta during breaks from college.  He received his Bachelor of Arts degree with Honors from the University of Georgia's Honors Program in Athens, Georgia, where he published an honors thesis on American and European antitrust law.

## ADAM J. SUNSTROM

Mr. Sunstrom is an associate in the Atlanta office of Johnson Fistel.  Prior to joining Johnson Fistel, Mr. Sunstrom worked for the Georgia Secretary of State as an enforcement attorney, where he conducted investigations and brought enforcement actions against entities and individuals for violations of the Georgia Uniform Securities Act.

During his third year of law school, Mr. Sunstrom interned at the U.S. Securities and Exchange Commission in the Enforcement Division's Complex Financial Instruments Unit, which investigates fraud in connection with sophisticated financial instruments. While at the SEC, Mr. Sunstrom invested insider trading violations and the manipulation of asset valuations.

Areas of Practice: Mr. Sunstrom focuses his practice on complex commercial litigation, including securities class actions and shareholder derivative actions.

Professional Qualifications: Mr. Sunstrom was admitted to the State Bar of Georgia in November of 2018 and is currently admitted in good standing with the following courts:

- The United States District Courts for the Middle and Northern Districts of Georgia
- All State and Superior Courts of Georgia
- The Georgia Court of Appeals
- The Georgia Supreme Court

Educations and Awards: In 2018, Mr. Sunstrom graduated cum laude from the University of Georgia School of Law, where he served as a Notes Editor on the Georgia Journal of International & Comparative Law and was a member of Mock Trial finishing as a Quarter-finalist in the J. Melvin England Mock Trial Competition. Mr. Sunstrom graduated summa cum laude from the University of West Georgia in 2015 with degree in Political Science.

Publications:

*China: Environmental Protectionist or Economic Protectionism*, 46 Ga. J. Int'l & Comp. L. 873 (2018).

Community and Volunteer Activities:

Mr. Sunstrom is a member of the Rotary Club of Midtown Atlanta, and serves on the Public Image Committee.

## PHONG L. TRAN

Mr. Tran is an attorney in the San Diego office of Johnson Fistel, where he specializes in representing shareholders in securities fraud class actions and derivative litigation. Mr. Tran has litigated complex cases in state and federal courts all around the country, and has been instrumental in recovering hundreds of millions of dollars for injured investors and securing significant corporate governance reforms at numerous publicly-traded companies.

Prior to joining Johnson Fistel, Mr. Tran worked at the prominent plaintiff class action firm of Robbins Geller Rudman & Dowd LLP. He also previously served as a prosecutor, first as a Special Assistant United States Attorney for the Southern District of California, and later, as a Deputy City Attorney with the San Diego City Attorney's Office. During his time as a prosecutor, Mr. Tran successfully tried several cases to verdict.

Notable matters in which Mr. Tran has served as counsel of record include, among others: *Dahl v. Bain Capital Partners*, No. 07-cv-12388 (D. Mass.) ($590.5 million aggregate settlement in an antitrust action brought on behalf of investors who sold shares to private equity firms in leveraged buyout deals); *In re Midland National Life Ins. Annuity Sales Practices Litigation*, MDL No. 07-1825 (C.D. Cal.) ($79.5 million in economic benefits obtained on behalf of nationwide class of seniors who purchased deferred annuities); *Negrete v. Fidelity and Guaranty Life Insurance Co.*, No. CV-056837 (C.D. Cal.) ($52.7 million in economic benefits obtained on behalf of nationwide class of senior purchasers of deferred annuities); *IBEW Local 697 Pension Fund v. International Game Tech.*, 3:09-cv-00419-MMD-WGC (D. Nev.) ($12.5 million settlement achieved on behalf of investors in securities fraud class action); *In re Groupon Marketing and Sales Practices Litigation*, Case No. 3:11-md-022238-DMS-RBB (S.D. Cal.) ($8.5 million settlement achieved on behalf of consumers who purchased "expired" Groupon vouchers); *In re LivingSocial Marketing and Sales Practices Litigation*, MDL No. 2254 (D.D.C.) ($4.5 million class action settlement achieved on behalf of purchasers of "expired" LivingSocial vouchers); *In re Pacific Biosciences Sec. Litigation*, Case No. CIV509210 ($7.68 million securities class action settlement brought under the Securities Act of 1933) (Cal. Super. Ct., San Mateo Cnty.); *Adkins v. Nestle Purina PetCare Co.*, Case No. 12 C 2871 (D. Ill.) ($6.5 million class action settlement achieved on behalf of purchasers of allegedly unsafe dog treat products); and *Weitzman v. Ullman, et al.* (*J.C. Penney Company, Inc. Derivative Litigation*), Civ. No. 4:13-cv-00585 (E.D.

Tex.) (settlement in shareholder derivative action that resulted in material reforms to JCPenney's corporate governance systems).

Areas of Practice: Mr. Tran focuses his practice on securities and consumer class action litigation and shareholder derivative litigation. He has considerable experience litigating claims brought under the Securities Act of 1933, the federal statutory framework that protects investors who purchased shares and suffered losses in connection with public offerings. In that regard, Mr. Tran has helped investors recover many millions of dollars, including in the following class action cases: *In re Sunrun Shareholder Litigation*, Case No. CIV. 538215 (Cal. Super. Ct., San Mateo Cnty.) ($32 million settlement achieved on behalf of investors who purchased shares in the Sunrun IPO); *In re MobileIron, Inc. Shareholder Litigation*, Case No. 1-15-284001 (Cal. Super. Ct., Santa Clara Cnty.) ($7.5 million settlement achieved on behalf of investors who purchased shares in the MobileIron IPO); *In re Ooma, Inc. Shareholder Litigation*, Case No. CIV536959 (Cal. Super. Ct., San Mateo Cnty.) ($8.65 million settlement achieved on behalf of investors who purchased shares in the Ooma IPO – preliminary approval pending); and *Switzer v. W.R. Hambrecht & Co., LLC* (Cal. Super. Ct., San Francisco Cnty.) ($2.45 million settlement achieved on behalf of investors who purchased shares in the Arcimoto IPO – preliminary approval pending).

Professional Qualifications and Activities: Mr. Tran was admitted to the State Bar of California in 1999, and is currently admitted in good standing with the following courts:

- All courts in the State of California
- The United States Court of Appeals for the Ninth Circuit
- The United States District Courts for the Southern, Central, and Northern Districts of California
- The United States District Court for the Eastern District of Michigan

Mr. Tran is also a member of the following professional organizations:

- American Bar Association
- San Diego County Bar Association
- Association of Business Trial Lawyers
- American Inns of Court—Louis M. Welsh Chapter
- Consumer Attorneys of California
- Lawyers Club of San Diego
- Pan Asian Lawyers of San Diego

Mr. Tran also serves as a mentor to disadvantaged high school students in the San Diego area as part of the Crawford Academy of Law and Justice.

Education:  Mr. Tran earned his Juris Doctor degree from the UCLA School of Law.  During law school, Mr. Tran served as a judicial extern for then-District Court Judge Richard A. Paez, who now sits on the Ninth Circuit Court of Appeals.  Mr. Tran graduated *summa cum laude* from the University of San Diego with a Bachelor of Business Administration degree in Business Economics.

## SPECIAL COUNSEL & TRIAL ATTORNEY

### TIFFANY R. JOHNSON

Mrs. Johnson has years of trial experience as both a Deputy Attorney General for the State of California and a Judge Advocate General in the United States Navy. She now focuses her practice on complex business litigation and civil rights matters. She also has experience representing clients in family law matters.

Prior to joining Johnson Fistel, Mrs. Johnson was a Deputy Attorney General for the State of California for over twelve years where she primarily litigated civil rights cases through trial.  In addition, Mrs. Johnson served as a Judge Advocate General in the United States Navy for close to ten years where she achieved the rank of Lieutenant Commander.  While in the Navy, Mrs. Johnson represented hundreds of sailors and marines in criminal proceedings through verdict, administrative boards, and disability hearings.

Professional Qualifications and Activities:  Mrs. Johnson was admitted to the bar for the State of Minnesota in May of 2000, and to the bar of the State of California in 2005.  Additionally, Mrs. Johnson is admitted to practice in the following courts:

- All courts in State of California

- All courts in State of Minnesota

- The United States Court of Appeals for the Ninth Circuit

- The United States District Court for the Southern, Central, Eastern, and Northern Districts of California

Education:  Mrs. Johnson received her Juris Doctor degree from Chicago-Kent College of Law in 2000.  She received her Bachelor of Arts degree in Education from Concordia University, St. Paul, Minnesota, in 1996.

## OF COUNSEL

### RICHARD A. NERVIG

Mr. Nervig is a tenacious litigator with practical securities industry experience obtained from working as both a Dean Witter stockbroker prior to attending law school and as a compliance attorney after graduation. Mr. Nervig has successfully recovered in excess of $20 million dollars on behalf of his clients.

Areas of Practice: For over 23 years, Mr. Nervig's practice has focused primarily upon the representation of investors in securities litigation matters in FINRA arbitration proceedings, as well as matters in both state and federal court. Mr. Nervig is experienced handling all manner of securities sales practice claims ranging from suitability violations, churning, unauthorized trading, and fraud. Mr. Nervig is particularly adept at pursuing secondary liability claims arising from Ponzi schemes, unregistered securities sales, and anti-money laundering violations. Mr. Nervig also routinely represents creditors in bankruptcy adversary proceedings involving securities violation discharge avoidance matters pursuant to §523(a)(19) of the Bankruptcy Code.

Professional Qualifications and Activities: Mr. Nervig is currently admitted in good standing with the following courts:

- All courts in the State of Arizona (1997)
- All courts in the State of California (2003)
- All courts in the State of Colorado (1993)
- The United States District Court for the District of Arizona
- The United States District Courts for the Southern and Central Districts of California
- The United States District Court for the District of Colorado
- The United States Court of Appeals for the Tenth Circuit

Mr. Nervig is also a member of the following organizations:

- American Bar Association (Member Sections of Business Law and Litigation)
- Denver Bar Association
- San Diego County Bar Association
- San Diego North County Bar Association
- Southwest Riverside County Bar Association
- Public Investors Arbitration Bar Association
- Arbitrator, Financial Industry Regulatory Authority (FINRA) and San Diego County Bar Association Fee Arbitration Committee
- Former Member New York Stock Exchange and National Association of Securities Dealers

Education: Mr. Nervig received his Juris Doctor degree from the Claude W. Petit College of Law at Ohio Northern University in 1992. He received a Bachelor of Arts degree in 1988 from the Metropolitan State University of Denver.

## **RALPH M. STONE**

Ralph M. Stone is recognized as a leading lawyer in the securities litigation, investor rights, and international discovery fields. He has represented public and private companies, hedge funds, and other institutional investors in a wide variety of commercial litigation in courts around the country and in FINRA and American Arbitration Association arbitrations, on creditor committees in international bankruptcies, and in various other forums. He actively represents and advises private banks and other non-U.S. institutions in major securities litigation, and he regularly represents and advises them in various hedge fund disputes and matters arising from collapsed funds. He also represents securities industry whistleblowers before the SEC and CFTC, helping whistleblowers maintain their anonymity in presenting tips and helping them to secure financial awards as a result of their whistleblowing.

From 1990 to 1992, Mr. Stone was associated with the international law firm Mayer, Brown & Platt, where he was involved in a variety of commercial litigation. He was an associate at the law firm of Milberg Weiss from 1992 until 1997. At Milberg Weiss, he focused on the representation of investors and consumers in litigation involving the federal securities laws, consumer fraud statutes, and the fiduciary obligations of corporate officers and directors. From 1997 through 2018, Mr. Stone was a partner at the firm of Shalov Stone & Bonner LLP, which he co-founded, and which later became Stone Bonner & Rocco LLP.

Mr. Stone is admitted to practice in New York and in many federal courts. He has also been active in the legal community, serving on various bar association committees and as an Arbitrator in the New York City Civil Court.

Representative Matters: Mr. Stone has been involved in a large number of mass actions, collective actions, and class actions. Among other achievements, Mr. Stone obtained the first-ever class certification against a foreign government in Urban GmbH v. Republic of Argentina, in which he represented holders of defaulted Republic of Argentina bonds. He has represented a group of more than 100 bondholders of an Uruguayan bank in claims against the bank's former directors who reside in New York. Also, he has represented high-profile hedge funds as well as European and Asian funds in major securities fraud actions.

The significant securities class actions in which he has played a principal role as one of the lead counsel include: In re Winstar Communications Inc. Securities

Litigation (S.D.N.Y.) (over $40 million in recoveries, including a substantial recovery secured in connection with the pursuit of innovative claims brought against a business partner of a securities issuer); In re Baan Company Securities Litigation (D.D.C.) (settlement with bankrupt Dutch software company and its executives totaling $32 million, which amounted to nearly all of the damages claimed by class members); In re TEAM Communications Securities Litigation (C.D. Cal.) (settlement with bankrupt American television licensing company predominantly traded on a German stock exchange and its executives totaling $12.5 million); In re Crayfish Inc. Securities Litigation (S.D.N.Y.) (recoveries from Japanese software company and its executives totaling $9 million); In re Intershop Communications AG Securities Litigation (N.D. Cal.) (recovery of more than $3 million from bankrupt German software company and its executives); In re Workstream, Inc., Securities Litigation (recovery of $3.9 million); Cooper v. CPS Systems, Inc. (N.D. Tex.) (recovery of $3.44 million); In re Mitcham Industries Securities Litigation (S.D. Tex.) (recovery of $2.7 million); Yuan v. Bayard Drilling Technologies, Inc. (W.D. Okla.) (recovery of $3.1 million); and Varljen v. H.J. Meyers & Co., Inc. (S.D.N.Y.) (recovery of more than $5 million).

Mr. Stone has also served as lead class counsel on behalf of participants in certain companies' retirement plans in a number of ERISA class actions, including: In re Ferro Corp. ERISA Litigation (N.D. Ohio) (recovery of $4 million for retirement plan participants); In re Comerica, Inc. ERISA Litigation (E.D. Mich.) (recovery of $2.2 million for plan participants).

He also has been involved in a wide variety of securities arbitrations and other commercial cases relating to the securities industry. He has represented a listed company in a dispute with an investment banking firm before the American Arbitration Association and has represented investors with fraud, suitability, and deceptive practice claims against both electronic brokerage firms and traditional brokerages in FINRA arbitrations.

He has, on several occasions, served as a court-appointed receiver or fiduciary to protect and distribute funds in various insider-trading disgorgement and other cases brought by the SEC.

In addition to the wide variety of matters relating to securities and financial services, Mr. Stone has also played an active role representing victims of terrorism, including participating in the Linde v. Arab Bank litigation (E.D.N.Y.) on behalf of victims of terrorism who obtained the first verdict ever against a financial institution for providing material support to a terrorist organization's attacks on Americans, and participating in briefing in connection with various actions seeking to enforce terrorism-based judgments against Iran, including in Peterson v. Bank Markazi, which

resulted in a recovery of over $1.8 billion for victims of the 1983 Marine Barracks bombing in Beirut, Lebanon.

Mr. Stone has actively litigated consumer protection class actions in courts around the country. For example, he played a principal role as lead counsel in In re Cablevision Consumer Litigation (E.D.N.Y.), recovering benefits of more than $28 million for cable TV subscribers who were denied access to certain Fox network-affiliated channels during a 2010 carriage dispute between Cablevision and News Corp., and Health Science Products LLC v. Sage Software SB, Inc. (N.D. Ga.), recovering $5.5 million on behalf of a class asserting that software was buggy and defective. He has also served as a lead counsel and made substantial recoveries for classes in many consumer protection cases, including in cases alleging that various finance charges imposed by banks, credit card companies, and other lenders are deceptive or unfair, electronics products were defective, software was defective or invasive of privacy rights, sports memorabilia products were not genuine as represented, insurance products were improperly or deceptively marketed, and that insurance contracts were breached.

Mr. Stone's reported decisions include: Brandi-Dohrn v. IKB Deutsche Industriebank AG, 673 F.3d 76 (2d Cir. 2012); In re Cablevision Consumer Litigation, 864 F.Supp.2d 258 (E.D.N.Y. 2012); In re Ferro Corp. ERISA Litigation, 422 F.Supp.2d 850 (N.D. Ohio 2006); In re Baan Company Securities Litigation, 245 F.Supp.2d 117 (D.D.C. 2003); Macomber v. Travelers Property and Casualty Co., 261 Conn. 620 (Conn. 2002); In re Baan Company Securities Litigation, 81 F.Supp.2d 75 (D.D.C. 2000); Milman v. Box Hill Systems Corp., 72 F.Supp.2d 220 (S.D.N.Y. 1999); Varljen v. H.J. Meyers & Co., [1998 Transfer Binder] Fed. Sec. L. Rep. (CCH) & 90,259 (S.D.N.Y. 1998); Saddle Rock Partners, Ltd. v. Hiatt, [1996.97 Transfer Binder] Fed. Sec. L. Rep. (CCH) & 99,413 (W.D. Tenn. 1996); and Sikes v. American Telephone & Telegraph Co., 841 F. Supp. 1572 (S.D. Ga. 1993).

<u>Areas of Practice</u>:  Mr. Stone's practice focuses on complex litigation, investor rights, and whistleblower protection. Mr. Stone has extensive experience in all aspects of complex civil litigation and securities and consumer fraud class actions.

<u>Professional Qualifications and Activities</u>:  Mr. Stone was admitted to the Bar of the State of New York in 1991. He is currently admitted in good standing with the following courts:

- All New York State courts
- The United States Courts of Appeals for the Second, Fifth, Sixth and Eleventh Circuits
- The United States District Courts for the Southern and Eastern Districts of New York

Mr. Stone is currently, or has been previously, a member of the following professional organizations:

- American Bar Association (ABA)
- Association of the Bar of the City of New York (ABCNY)
- Former Secretary, Consumer Affairs Committee
- Public Investors Advocate Bar Association (PIABA)

<u>Awards and Peer Recognition</u>:  Super Lawyers: Mr. Stone is recognized as a Super Lawyer in Securities Litigation.  Thomson Reuters awards this recognition to the top 5% of attorneys who have obtained a high-level of professional achievement and are highly regarded by their peers.

<u>Education</u>:  Mr. Stone received his Juris Doctor degree from the University of Texas School of Law in 1990, where he was an editor of The Review of Litigation. He received an A.B. in Philosophy from Columbia College, Columbia University in 1987.

<u>Publications</u>:  Contributor of chapter "United States" in Shareholder Claims (Jordans 2012), describing U.S. law relating to investor and shareholder rights.

## **SELECTED EXAMPLES OF REPRESENTATIVE MATTERS**

Johnson Fistel aggressively pursues complex litigation matters for both plaintiffs and defendants on an hourly or contingency fee basis depending upon the circumstances of the matter. Below are just a few of the cases the firm has undertaken. To respect the privacy of some of the firm's clients who prefer we do not mention their names involved in litigation, their matters are described below without identifying the parties' names.

### *Business and Commercial Litigation*

- *International Real Estate PLC v. Oaktree Capital Management, LLC*, Case No. BC 324973 (Cal. Super. Ct. Los Angeles Cnty.). International Real Estate (a public company with shares listed on the London Stock Exchange) retained Johnson & Fistel to pursue claims for breach of fiduciary duty against former directors of a joint venture company. That case involved alleged damages of approximately $20 million, and after years of aggressive litigation and a mediation, ultimately settled on favorable terms to International Real Estate. *See* testimonial from the firm's client below.

- *Doe Shipping Company v. John Doe* (Cal. Super. Ct. San Diego Cnty.). A national shipping company retained Johnson Fistel after a former employee left the company with customer lists, other employees, and other confidential information. Johnson Fistel filed a complaint alleging claims for fraud, breach of contract, and misappropriation of trade secrets, among others. After a series of depositions and the threat of putting the defendants out of business, Johnson Fistel assisted the company in obtaining a resolution that restricted the former employee from doing business with certain of the company's clients, protected the company's trade secrets, and provided for a significant monetary payment to the company.

- *Liebsohn, et al. v. Augme Technologies, Inc., et al.*, Case No. 13-2-40007-3 SEA (Wash. Super. Ct. King Cnty.). Johnson Fistel represented a group of 47 high net worth investors who were defrauded into trading their stock in a privately-held company for stock in a publicly-traded company. After defeating several motions to dismiss and a petition for discretionary review by the Washington Court of Appeals, Johnson Fistel obtained a highly-favorable confidential settlement from the defendants' insurance carrier on February 2, 2016.

- *John Doe v. Doe Hedge Fund* (Cal. Super. Ct. San Diego Cnty.).  Johnson Fistel defended one of the world's most successful hedge funds and its manager against meritless claims of fraud.  After aggressively defending the matter, the plaintiff accepted a nuisance value settlement that was less than the cost of defense.

### *Trials & Arbitrations*

- *Healthy Life Marketing, LLC, et al. v. Jaime Brenkus' Sound Body, Inc.*, Case No. GIC822927 (Cal. Super. Ct. San Diego Cnty.).  On behalf of a marketing firm, Johnson Fistel pursued claims for breach of contract and fraud against the manufacturer of a weight loss product.  After a week-long jury trial, the jury returned a seven-figure verdict in favor of J Johnson Fistel's client, including actual and punitive damages.  *See* testimonial from the firm's client below.

- *DCI Solutions v. Urban Outfitters*, (S.D. Cal).  Johnson Fistel represented a small local consulting firm in a case against one of the nation's largest clothing retailers in a matter that would have forced the company into bankruptcy if it lost.  Following a week-long trial in federal court, the jury returned a verdict rejecting the retailer's $1.5 million damage claim in its entirety.  Johnson Fistel also prevailed on all of Urban Outfitter's post-trial motions.

- *Timeshare Resale Alliance v. Fleming, et al.*, (San Diego Cnty. Arbitration).  Johnson Fistel successfully defended a real-estate broker accused of stealing her former employer's alleged trade secrets.   Following a week-long arbitration, the arbitrator issued an order completely exonerating Johnson Fistel's client.

- *Mary Joe v. Jane Doe* (Cal. Super. Ct. San Diego Cnty.).  Johnson Fistel represented the minority shareholder of a small family corporation to pursue claims against the other shareholders who wasted millions of dollars of corporate assets by using those assets to pay for their personal expenses.  The client retained Johnson Fistel to substitute into the case just two months before trial.  On day four of a five-day trial, defendants agreed to settle the case.

### *Shareholder Derivative Actions*

- *In re Powerwave Technologies, Inc.*, Case No. 13-10134 (MFW) (Bankr. D. Del.). On behalf of a shareholder client, Johnson Fistel filed a shareholder derivative action in a California Superior Court alleging that certain of Powerwave's officers and directors had affirmatively engaged in improper accounting to conceal the company's true financial condition. Shortly after filing this action, Powerwave filed for bankruptcy and the United States Bankruptcy Court appointed a Chapter 7 Trustee. The Bankruptcy Court appointed Johnson Fistel as special counsel to represent the Trustee to prosecute these claims as assets of the estate. After nearly two years of litigation, Johnson Fistel secured a settlement that included payment of $5.5 million for the benefit of the estate in bankruptcy.

- *Rubin v. Reinhard*, Case No. 37-2008-00091039-CU-NP-CTL (Cal. Super. Ct. San Diego Cnty.). Johnson Fistel was sole Lead Counsel in this derivative lawsuit. After the company filed a petition for relief under Chapter 7 of the Bankruptcy Code, the Bankruptcy Trustee retained Johnson Fistel as special litigation counsel to prosecute claims for breach of fiduciary duty against certain officers and directors. After several years of hard-fought litigation, the Estate in Bankruptcy settled recovering $3 million. In approving the settlement, the Bankruptcy Court judge remarked: "The Court thanks [Johnson Fistel] for its outstanding work on behalf of the Chapter 7 Trustee and the Estate."

- *In re Southern Company Shareholder Derivative Litigation*, No. 1:17-cv-00725-MHC (N.D. Ga.). On behalf of a shareholder client, Johnson Fistel filed a shareholder derivative action in the United States District Court for the Northern District of Georgia against certain of The Southern Company's current and former officers and directors for breaches of fiduciary duties, unjust enrichment, and corporate waste. The Court appointed Johnson Fistel as Lead Counsel in the pending action.

- *In re HD Supply Holdings, Inc. Derivative Litigation*, Lead Case No. 1:17-cv-02977-MLB (N.D. Ga.). Johnson Fistel was appointed Co-Lead Counsel in a stockholder derivative action brought on behalf of HD Supply alleging, among other things, that certain executives and directors of HD Supply violated federal and state law by making false and misleading statements to investors, thereby artificially inflating the stock price. The complaint filed in the action also alleges that while the price of HD Supply stock was artificially inflated, certain corporate insiders engaged in unlawful insider trading of their personally-held HD Supply stock holdings. Plaintiffs seek damages and disgorgement from the alleged wrongdoers on the company's

behalf, as well as corporate governance reforms to prevent the recurrence of similar misconduct in the future.

- *Whitten v. Clarke, et al.*, Case No. 1:17-cv-02585-LMM (N.D. Ga.) (*FleetCor Technologies, Inc. Derivative Litigation*). Johnson Fistel was appointed Lead Counsel in a stockholder derivative action brought on behalf of FleetCor Technologies, Inc. alleging, among other things, that certain executives and directors of FleetCor violated federal and state law by making false and misleading statements to investors, thereby artificially inflating the stock price. The complaint filed in the action also alleges that while the price of FleetCor stock was artificially inflated, certain corporate insiders engaged in unlawful insider trading, unloading approximately $108 million worth of their personally-held FleetCor stock holdings. Plaintiff seeks damages and disgorgement from the alleged wrongdoers on the Company's behalf, as well as corporate governance reforms to prevent the recurrence of similar misconduct in the future.

- *In re CoreCivic, Inc. Shareholder Derivative Litigation*, Lead Case No. 3:16-cv-03040 (M.D. Tenn.). Johnson Fistel was appointed Co-Lead Counsel in a shareholder derivative action brought on behalf of CoreCivic, Inc. alleging, among other things, that certain officers and directors of CoreCivic violated federal and state law by making false and misleading statements to investors concerning CoreCivic's history of quality, savings, and compliance at Federal Bureau of Prisons facilities, causing its common stock to be traded at artificially inflated levels. On CoreCivic's behalf, Plaintiffs seek damages and disgorgement from the alleged wrongdoers.

- *In re United States Steel Corporation Derivative Litigation*, Lead Case No 2:17-cv-01005-CB (W.D. Pa.). Johnson Fistel was appointed Co-Lead Counsel in a shareholder derivative action brought on behalf of United States Steel Corporation, alleging, among other things, that certain officers and directors of US Steel violated federal and state law by causing the company to make false and misleading statements to investors which concealed that U.S. Steel failed to implement necessary maintenance measures at its facilities and that the Company did not have the capacity to meet then-current market demand, causing its common stock to be traded at artificially inflated levels. On US Steel's behalf, Plaintiffs seek damages and disgorgement from the alleged wrongdoers.

- *In re: Twitter, Inc. Shareholder Derivative Litigation,* C.A. No. 18-062 (D. Del.).   Johnson Fistel was appointed Co-Lead Counsel in a shareholder derivative action brought on behalf Twitter, Inc., alleging, among other things, that certain officers and directors of Twitter caused the company to make false and misleading statements concerning the metrics used by the company to measure user growth and engagement, causing its common stock to be traded at artificially inflated levels.   In addition, the complaint filed in the action alleges that while the price of Twitter stock was artificially inflated, certain corporate insiders engaged in unlawful insider trading, unloading approximately $281 million worth of their personally-held Twitter stock holdings.   On Twitter's behalf, Plaintiffs seek damages and disgorgement from the alleged wrongdoers.

- *In re TrueCar, Inc. Shareholder Derivative Litigation*, Lead Case No 1:19-cv-00617 (D. Del.).   Johnson Fistel was appointed Lead Counsel in a shareholder derivative action brought on behalf of TrueCar, Inc., alleging, among other things, that certain officers and directors of TrueCar violated federal and state law by causing the company to make false and misleading statements, which concealed that TrueCar's most important "affinity partner," USAA, had decided to make critical changes to the co-branded car buying site that it shared with TrueCar, and that such changes would have a material adverse effect on the volume of car sales on the site generated by TrueCar.   The complaint filed in the action also alleges that while the price of TrueCar stock was artificially inflated, certain corporate insiders engaged in unlawful insider trading, unloading more than $16 million worth of their personally-held TrueCar stock holdings.   On TrueCar's behalf, Plaintiffs seek damages and disgorgement from the alleged wrongdoers.

### *Corporate Takeover Litigation*

- *Azar v. Blount International, Inc., et al.*, No. 3:16-CV-00483-SI (D. Or.).   Johnson Fistel was appointed as Co-Lead Counsel in a case arising out of the 2016 acquisition of Blount International Inc. by a group comprised of a private equity firm, Blount's largest stockholder, and two Blount insiders.   The plaintiffs allege, among other things, that the proxy statement Blount disseminated in connection with the deal failed to disclose a set of financial projections that best reflected Blount's long-term prospects and, instead, disclosed only later, artificially reduced projections.   The plaintiffs allege that misleading proxy statement tainted the stockholder approval of the merger, and they are seeking an unspecified amount of monetary damages.   This matter recently settled resulting in millions of dollars in additional consideration for Blount's shareholders and is pending final approval.

- *Englehart v. Brown*, Case No. 13-2-33726-6-KNT (Wash. Super. Ct. King Cnty.). As discussed further below under the heading Noteworthy Success Stories, Johnson Fistel was appointed as Co-Lead Counsel in a case arising out of the 2014 acquisition of Flow by American Industrial Partners which resulted in a $12.75 million settlement, believed to be the largest recovery ever obtained in a class action challenging the price of a merger or acquisition of a public company in a Washington court.

### *Securities Class Actions*

- *Desrocher v. Covisint Corporation, et al.*, Case No. 1:14-CV-03878-AKH (S.D.N.Y.). In a case alleging violations of §§11 and 15 of the Securities Act of 1933, the Court appointed Johnson Fistel Co-Lead Counsel and certified the firm as Co-Lead Class Counsel. The class action complaint alleged that there were misrepresentations or omissions in documents filed with the SEC in connection with the company's IPO. Under the settlement, defendants agreed to create an $8 million common fund to compensate Covisint stockholders who were harmed by the alleged misrepresentations or omissions, which amount represented a substantial percentage of the maximum potential recovery. The Court approved the settlement in its entirety on December 13, 2016.

- *Gerneth v. Chiasma, Inc., et al.*, No. 1:16-cv-11082-DJC (D. Mass.). Johnson Fistel served as co-lead counsel and represented the lead plaintiff in a securities class action alleging violations of Sections 11 and 15 of the Securities Act of 1933. The complaint alleged that defendants made false and misleading statements in connection with the company's IPO regarding the company's business and the prospects for approval of a pharmaceutical drug. A class-wide settlement in the amount of $18.75 million was approved on June 27, 2019.

- *In re Flowers Foods, Inc. Securities Litigation*, No. 7:16-cv-0022-WLS (M.D. Ga.). In a securities class action case alleging violations of §§10(b) and 20(a) of the Securities Exchange Act of 1934, Johnson Fistel's client was appointed Lead Plaintiff and the firm was appointed Co-Lead Counsel under the Private Securities Litigation Reform Act of 1995. The complaint filed in the action alleges that defendants made false and misleading statements in connection with the Company's labor strategy. As a result of these false and misleading statements, Flowers Foods stock traded at artificially inflated prices during the Class Period. A settlement-in-principle in the amount of $21.0 million was recently reached and is pending approval from the Court.

- *Mohanty v. Avid Technology, Inc., et al.*, No. 1:16-cv-12336-IT (D. Mass.). Johnson Fistel served as lead counsel and represented the lead plaintiff in a securities class action alleging violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934. The plaintiff alleged that the defendants made false and misleading statements concerning the company's business, operations, and financial outlook. A class-wide settlement in the amount of $1.325 million was approved on May 2, 2018.

- *Crystal v. Medbox, Inc., et al.*, No. 2:15-cv-00426-BRO-JEM (C.D. Cal.). Johnson Fistel served as lead counsel and represented the lead plaintiffs in a securities class action alleging violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934. The complaint alleged that defendants made numerous and repeated false and misleading statements concerning Medbox's accounting, finances, internal controls, business, prospects, and outlook throughout the Class Period. A class-wide settlement in the amount of $1.850 million in cash and 2.3 million shares of company stock was approved on May 2, 2018.

### *Consumer Class Actions*

- *Baker v. Visa International Corp.*, Case No. 06cv0376 (Cal. Super. Ct. San Diego Cnty.). Johnson Fistel was appointed Co-Lead Counsel for this nationwide consumer class action that was filed in 2006 against Visa International Corp. for wrongfully assessing undisclosed fees on consumers by manipulating the currency conversion rates when consumers used their Visa Card for purchases in other countries. This matter was removed to federal court, and transferred by the Judicial Panel on Multidistrict Litigation to the United States District Court for the Southern District of New York to be coordinated with the *In re Currency Conversion Fee Antitrust Litigation*. The Court approved a settlement that provided for $336 million for the class members. While the *Baker* case was not the driving force leading to the $336 million for the class members, it was coordinated with that matter and the firm played a material role in the ultimate settlement.

- *Giancola v. Lincare Holdings Inc.*, Case No. 8:17-cv-2427-T-33AEP (M.D. Fla.). Serving as Class Counsel in this action, Johnson Fistel represented a class of current and former employees of Lincare, who were exposed to an unlawful data breach and the potential disclosure of their personal information. After Johnson Fistel filed an amended complaint and engaged in preliminary discovery, the parties agreed to mediation. Johnson Fistel was ultimately able to achieve a class-wide settlement that provided multiple forms of relief to class members, including: (i) a Settlement Fund totaling

$875,000 in cash that was used to pay claims of class members impacted by the data breach; (ii) enhanced credit and identity monitoring protection services for the class, which was valued at more than $972,000; and (iii) Lincare's agreement to implement certain enhanced data security measures to protect the company from future data breaches and safeguard the personal information of its employees.

- *In re: Apple Inc. Device Performance Litigation*, Case No. 18-md-02827-EJD (N.D. Cal.). In December 2017, Johnson Fistel filed a class action complaint against Apple Inc. ("Apple"), alleging that Apple knowingly designed the batteries of certain iPhones to prematurely degrade, causing them to unexpectedly shut down. After the matter was consolidated with numerous other lawsuits filed against Apple for similar alleged misconduct, Johnson Fistel was appointed to the Steering Committee of the consolidated action. The litigation concerns one of the largest consumer frauds in history, affecting hundreds of millions of mobile devices around the world. The parties are currently engaged in discovery in this action.

## NOTEWORTHY SUCCESS STORIES

Johnson Fistel aggressively pursues complex litigation matters for both hourly paying clients and for contingency fee clients. While not an exhaustive list, below are a few of the cases for which the firm has achieved noteworthy successful results for its clients.

### *A Happy Client Following Trial*

On behalf of a marketing firm, Johnson Fistel pursued claims for breach of contract and fraud against the manufacturer of a weight loss product. After a week-long jury trial, the jury returned a seven-figure verdict in favor of Johnson Fistel's client, including actual and punitive damages. *See* testimonial from the firm's client. *Healthy Life Marketing, LLC, et al. v. Jaime Brenkus' Sound Body, Inc.*, Case No. GIC822927 (Cal. Super. Ct. San Diego Cnty.).

### *Record Setting Class Action Settlement in Washington*

In what is believed to be the largest recovery ever obtained in a class action challenging the price of a merger or acquisition of a public company in a Washington court, on January 20, 2017, the court approved a $12.75 million settlement for the benefit of former Flow shareholders. Specifically, the case challenged the fairness of the price shareholders received from the 2014 acquisition of Flow by American Industrial Partners. Johnson Fistel served as court-appointed Co-Lead Class Counsel.

After three years of hard-fought litigation, which included 26 depositions taken throughout the country, defeating defendants' motions to dismiss, defeating defendants' motion for summary judgment, and obtaining an order certifying the class, the parties reached an agreement to settle the case just before trial. "I am proud to be part of a settlement that achieved what is now a rarity, more money for the shareholders in a merger case," said Frank Johnson, one of the founding partners of Johnson Fistel. Cornerstone Research recently published a report regarding M&A shareholder suits in 2015 and the first half of 2016, reporting that amongst the hundreds of merger-related lawsuits identified, only six of those cases resulted in any monetary recovery for shareholders. The report concluded that in merger-related litigation, "monetary consideration paid to shareholders has remained relatively rare."

Mr. Johnson and Mr. Holleman were the attorneys at the firm responsible for helping obtain this settlement for shareholders. *Englehart v. Brown*, Case No. 13-2-33726-6-KNT (Wash. Super. Ct. King Cnty.).

### *One of the Largest Recoveries in a Derivative Case in Tennessee*

Johnson Fistel was appointed sole Lead Counsel in this shareholder derivative action against certain current and former officers and directors of HCA Holdings, Inc., the largest private hospital chain in the country. The derivative claims related to similar facts that resulted in the company paying $215 million to settle a class action lawsuit filed by shareholders who alleged the company used false and misleading information to sell stock during its 2011 initial public offering.

The parties litigated the action for more than four years and attended multiple mediations, after which Johnson Fistel secured an extremely favorable settlement for HCA and its shareholders, including a payment of $19 million to HCA (believed to be among the largest recoveries in a derivative case in the State of Tennessee), the appointment of a new independent director, and implementation of significant corporate therapeutics. *Bagot v. Bracken, et al.*, Case No. 11C5133 (Tenn. Cir. Ct., 6th Cir.).

### *Helped Secure $24 million for the Company*

Johnson Fistel was initially appointed Co-Lead Counsel in state court in one of the highest-profile cases in the country challenging the award of backdated stock options by executive officers of Brocade.  For years, Brocade's insiders engaged in a secret stock option backdating scheme designed to reward executives and recruit engineers with stock options priced below their fair market value as of the date of the grants.  The U.S. Government pursued and ultimately won criminal convictions against the responsible executives.

On behalf of its client, Johnson Fistel helped prevent an inadequate settlement of a related federal action from being approved, which would have released the officers, directors, and agents of the company responsible for the criminal backdating scheme resulting in no money to the company and only a payment of attorney's fees for the lawyers.  Brocade then formed a Special Litigation Committee and retained Johnson Fistel as co-counsel to Brocade to help litigate claims against ten former officers and directors of the company.  After years of litigation, over $24 million was recovered for Brocade.  *In re Brocade Communications, Systems, Inc. Derivative Litigation*, Case No. 1:05cv41683 (Cal. Super. Ct. Santa Clara Cnty.).

### *Helped Secure $29 Million for Shareholders*

Johnson Fistel was appointed Co-Lead Counsel in a derivative lawsuit that involved claims against the officers and directors of Titan Corporation for breach of fiduciary duty.  During the pendency of the litigation, Titan announced that it would be acquired, threatening to cause the shareholders in the derivative action to lose standing.  Johnson Fistel then coordinated with counsel in a related derivative action pending in Delaware to negotiate a settlement that resulted in $29 million in increased consideration to Titan's shareholders in the all-cash merger acquisition.  *In re the Titan Corp. Derivative Litigation*, Case No. GIC 832018 (Cal. Super. Ct. San Diego Cnty.).

### *Helped Investors Who Suffered Losses In Connection with Public Offerings*

Johnson Fistel has extensive experience representing investors who purchased shares and suffered losses in connection with public offerings.  In that regard, Johnson Fistel has successfully brought claims under the Securities Act of 1933 and helped investors recover many millions of dollars, including in the following class action cases: *In re Sunrun Shareholder Litigation*, No. CIV. 538215 (Cal. Super. Ct., San Mateo Cnty.) ($32 million settlement achieved on behalf of investors who purchased shares in the Sunrun IPO); *In re MobileIron, Inc. Shareholder Litigation*, No. 1-15-284001 (Cal. Super. Ct., Santa Clara Cnty.) ($7.5 million settlement achieved on behalf of investors who purchased shares in the MobileIron IPO); *In re Ooma, Inc. Shareholder Litigation*, No. CIV536959 (Cal. Super. Ct., San Mateo Cnty.) (($8.65 million settlement achieved on behalf of investors who purchased shares in the Ooma

IPO – preliminary approval pending); and *Switzer v. W.R. Hambrecht & Co., LLC* (Cal. Super. Ct., San Francisco Cnty.) ($2.45 million settlement achieved on behalf of investors who purchased shares in the Arcimoto IPO – preliminary approval pending).

### ***Examples of Settlements Requiring Stricter Company Controls***

- *In re Motorola, Inc. Derivative Litigation*, Case No. 07CH23297 (Ill. Cir. Ct. Cook County). Johnson Fistel was appointed Co-Lead Counsel in a shareholder derivative action filed against current and former officers and directors of Motorola, Inc.  The derivative claims charged certain officers with making misrepresentations about the company's financial statements and prospects of success in order to artificially inflate the company's stock price while they personally sold shares and while causing the company to simultaneously purchase shares on the open market.  After six years of hard-fought litigation, the action settled on terms that required the implementation of significant corporate therapeutic changes throughout the company—changes that were valued by one expert at over $1 billion

- *In re Heelys Inc. Derivative Litigation*, Case No. 07-CV-1682 (N.D. Tex.). Johnson Fistel's predecessor firm was appointed Co-Lead Counsel in this shareholder derivative action filed against current and former officers and directors of Heelys Inc.  After prevailing on defendants' motion to dismiss, and more than a year of litigation including multiple mediations, this matter settled on terms that required the implementation of significant corporate therapeutic changes that benefitted the company and its shareholders for years to come.  When granting final approval of the settlement, the Honorable Ed Kinkeade, United States District Court Judge for the Northern District of Texas, praised Johnson Fistel's efforts.  "The quality of representation by the Derivative Plaintiffs' Counsel was witnessed first hand by this Court through their articulate, high quality, and successful pleadings.  Moreover, as shown by their excellent efforts in this case, Derivative Plaintiffs' Counsel are dedicated to vindicating the rights of shareholders."

- *In re MannKind Corporation Derivative Litigation*, Lead Case No. 11-cv-05003-GAF-SSx (C.D. Cal.). Johnson Fistel was appointed sole Lead Counsel in this shareholder derivative action filed against current and former officers and directors of MannKind, alleging that the defendants had misled shareholders about the FDA approval process for MannKind's core product. After more than two years of litigation and a mediation, this matter settled on terms that required the implementation of significant corporate therapeutic changes, including the creation of a new Board-level Disclosure & Controls Committee and significant enhancements to financial reporting requirements.

- *Singh v. Hsu*, Case No. 1-13-cv-243247 (Cal. Super. Ct. Santa Clara Cnty.) (Impax Laboratories, Inc. Derivative Litigation). Johnson Fistel was appointed sole Lead Counsel in this shareholder derivative action against certain current and former officers and directors of Impax Laboratories, Inc. for allegedly failing to correct systemic problems at the company's manufacturing centers and for misleading shareholders about FDA sanctions related to these problems. After two years of litigation and a mediation, the matter settled on terms requiring the implementation of company-wide corporate governance reforms, significantly enhancing reporting and oversight at the Board, officer, and employee level.

- *In re LHC Group, Derivative Litigation*, No. 6:13-CV-02899-JTT-CBW (W.D. La.). Johnson Fistel, as co-lead counsel in this shareholder derivative action, was able to resolve the action for substantial corporate governance reforms at LHC Group which included, among other reforms, amendments to the company's compliance policies designed to address allegations concerning the company's Medicare home health program and to the Audit Committee Charter to provide greater oversight of the company's compliance-related activities, Medicare and Medicaid reimbursement policies, compliance audits, handling of anonymous complaints, and the effectiveness of the company's Code of Conduct. The settlement also caused changes to be made to the company's insider trading and preclearance policies to provide more clarity and transparency, as well as additional restrictions, on insider sales of company stock.

- *Weitzman v. Ullman, et al.*, Civ. No. 4:13-cv-00585 (E.D. Tex.) (J.C. Penney Company, Inc. Derivative Litigation). In its role as lead counsel, and after almost five years of litigation and nearly two years of protracted settlement negotiations, Johnson Fistel was able to secure a settlement that provided for a series of material reforms to JCPenney's corporate governance systems, which were designed to strengthen the Company's internal control functions and board accountability, and ultimately prevent the recurrence of the events that led to the alleged harm to the company and the filing of the derivative lawsuit.

- *Orrego & Kim v. Lefkosky, et al.*, Case No.: 12 CH 12420 (Consolidated with 12 CH 19431) (Ill. Cir. Ct., Cook Cnty., Ch. Div.) (*Groupon, Inc. Derivative Litigation*). Johnson Fistel, serving as co-lead counsel, negotiated a settlement which included extensive and detailed measures designed to improve corporate governance at Groupon and restore and maintain investor confidence in the Company. Groupon's Board of Directors agreed to implement these sweeping corporate governance reforms designed to improve decision-making and legal-regulatory compliance in the critical areas

of accounting and financial disclosure, earnings guidance, and committee oversight at the company.

- *In re World Acceptance Corporation Derivative Litigation*, Lead Case No. 6:15-cv-02796-MGL (D.S.C.).  Johnson Fistel, as co-lead counsel, was able to resolve the action for the benefit of World Acceptance even though the District Court granted defendants' motions to dismiss the case, and that order was being appealed to the U.S. Court of Appeals for the Fourth Circuit. Johnson Fistel, its co-counsel, and our clients never gave up, and fought to achieve a significant settlement despite significant obstacles.  Specifically, the settlement, among other things, preserved corporate resources by ensuring that the related securities class action was resolved within insurance policy limits and without monetary contribution from the company, and caused significant corporate governance reforms designed to increase shareholder control and provide for improved operational oversight at the company. The settlement will have a lasting, positive impact on the Company and its shareholders for years to come.

- *In re Marrone Bio Innovations, Inc. Derivative Litigation*, Lead Case No. CV14-1481 (Cal. Super. Ct., County of Yolo).  Johnson Fistel, in its role a co-lead counsel, negotiated a settlement on behalf of Marrone Bio Innovations which reformed its governance practices in order to prevent the misconduct alleged in case from reoccurring again in the future.  The case stemmed from the criminal misconduct of the company's former Chief Operating Officer and the control and oversight environment at the company that allowed such misconduct to occur in the first place causing harm to Marrone Bio Innovations.  Specifically, the reforms put into place by the settlement created more transparency in connection with stockholder proposals, created more extensive oversight of management by the Audit Committee, revised the company's Code of Business Conduct and Ethics and added responsibilities to the company's Compliance Officer to foster a corporate environment of legal and ethical compliance, revised the company's policies with respect to expense recognition policies and training in connection therewith, and formalized the company's Disclosure and Controls Committee and defined the responsibilities of it.

# **TESTIMONIALS**

"There's no question in my mind that this settlement is in the best interest of this Estate. So I'm prepared to approve it. . . . But I want to compliment Mr. Johnson, and I want to compliment on the successful recovery for the Estate. The creditors thank you, and I thank you." *In re Artes Medical, Inc.*, (Bankr. S.D. Cal., Case No. 08-12317-LT7) (approving a $3 million settlement recovered for the estate of a bankrupt public company after the Chapter 7 Trustee retained Johnson Fistel to pursue claims for breach of fiduciary against the directors). In approving the final award of attorneys' fees, Judge Taylor further stated: "The Court thanks [Johnson Fistel] for its outstanding work on behalf of the Chapter 7 Trustee and the Estate."

> The Honorable Laura S. Taylor
> United States Bankruptcy Court Judge
> Southern District of California

"The quality of representation by the Derivative Plaintiffs' Counsel was witnessed first hand by this Court through their articulate, high quality, and successful pleadings. Moreover, as shown by their excellent efforts in this case, Derivative Plaintiffs' Counsel are dedicated to vindicating the rights of shareholders." *In re Heelys, Inc. Derivative Litigation*, Case No. 3:07-CV-1682 (N.D. Tex.) (granting final approval of a settlement agreement that required the company to implement sweeping improvements to its governance).

> The Honorable Ed Kinkeade
> United States District Court Judge
> Northern District of Texas

Johnson Fistel's predecessor firm, Johnson & Weaver ("J&W"), has "demonstrated that they are qualified and experienced and are capable of acting as lead counsel." "The Court is favorably impressed by J&W's presentation and knowledge" and "J&W's experience litigating shareholder derivative actions gives it a certain amount of pre-existing expertise." *In re Oclaro, Inc. Derivative Litigation*, Case No. C-11-3176 EMC (N.D. Cal.) (appointing J&W, Lead Counsel in a complex shareholder derivative litigation in which three separate lawsuits were filed).

> The Honorable Edward M. Chen
> United States District Court Judge
> Northern District of California

"The settlement was reached through hard fought, arm's-length negotiations conducted by skilled counsel in good faith…. The Plaintiffs also are represented by counsel that I know and respect … which I count among the finest shareholder rights advocates."

> The Honorable Layn R. Phillips
> Former United States District Court Judge
> Western District of Oklahoma

"Counsel for the parties were highly experienced in derivative litigation, well informed on the current law, and had performed considerable work to prepare the case for mediation…. The advocacy on both sides of the case was of the highest caliber and counsel for both parties exhibited great effort, creativity, and zeal in advocating their positions."

> Michelle Yoshida
> Mediator
> Phillips ADR Enterprises

"As chairman of the board of a public company, my company was represented by Mr. Johnson to pursue claims for breach of fiduciary duty for millions of dollars against former directors of a company formed in England. I have retained law firms throughout the world and found Mr. Johnson's services to be superb. He was very responsive and grasped complex corporate matters involving international real estate transactions. His firm aggressively litigated my company's claims against several defendants who were represented by one of the largest law firms in the world. This case was very complex and complicated and involved three jurisdictions (U.S., Europe, and Sweden). Mr. Johnson's firm played an instrumental role in bringing the whole case to a successful settlement out of court. We ultimately reached a resolution short of trial with which I was very pleased."

> Rolf L. Nordström
> Chairman of the Board
> International Real Estate PLC

"While I was the Executive Vice President and Chief Financial Officer for a publicly traded company, I consulted Frank Johnson on various legal issues. As CFO I was responsible for SEC reporting requirements and compliance with GAAP. In addition, I successfully completed the public offering of the company's stock which was a consistent top performer on the NASDAQ from 1998 to 1999. During the ten years I've known him, I've been very impressed with Mr. Johnson's integrity, business acumen, and understanding of complex securities issues. Based upon these factors, I retained Mr. Johnson to represent me in matters where it appeared that a public company's officers or directors engaged in fraudulent conduct to the detriment of the company's shareholders (of which I was one). As a former CFO for a public

company and as a shareholder, I can say with confidence that this firm has proven to be aggressive and astute in identifying claims for fraudulent conduct in connection with the sale of publicly traded securities."

> James Baker
> Chief Cost Reduction Officer
> DCI Solutions

"While I was assistant general counsel for GNC Corporation, a publicly traded company at the time, I had the good fortune of working with Frank Johnson as GNC's lawyer. While he was at Sheppard Mullin, he successfully defended GNC in several matters, including a consumer class action and various business litigation matters. I have since left GNC Corporation and am now a partner at one of the largest law firms in the country. I have worked with Mr. Johnson on various matters, including a jury trial in San Diego, California. Mr. Johnson proved to be an exceptional trial lawyer who assisted my firm in obtaining an outstanding verdict in our client's favor. I have recommended his services without reservation to both clients and lawyers who need highly skilled and effective representation."

> Gerald J. Stubenhofer, Esq.
> Partner
> McGuire Woods LLP

"In 2004, Axeus, Inc. was using Sheppard Mullin, a large law firm, for nearly all of its legal matters. When Frank Johnson, who was then a partner at Sheppard Mullin, announced that he was departing to start his own law firm, I did not hesitate in my decision to send all of Axeus's litigation work to Mr. Johnson. At the time, Axeus was embroiled in a huge legal battle involving more than 20,000 pages of evidence and millions of dollars. Mr. Johnson helped Axeus successfully resolve that matter and has since handled several litigation matters for Axeus, all with outstanding results. I have worked with many different law firms over the years and I can say with confidence that Mr. Johnson is one of the best lawyers I've worked with. He understands what is important to his clients: excellent legal work and value. While other firms may be less expensive, Johnson Fistel provides value for its fees."

> Sean H. Mallean
> President & CEO
> Axeus, Inc.

"Frank Johnson was Awesome!  He was professional, organized and as evidenced by juror testimonials following a one-week jury trial.... extremely effective. On claims for breach of contract and fraud, the firm helped me win a 7 figure verdict for me and my company and I will forever be grateful.  You never realize how important it is to have a good attorney until you need one!"

Ronald T. Fricke
President
Healthy Life Marketing, LLC

"I am the owner of Natural Energy, which was established in 1977 and is the largest solar energy company in the western United States.  Although we have an exceptional reputation, as with any large company, legal disputes are sometimes inevitable.  After using a number of law firms, for the past several years Natural Energy has used Frank Johnson's law firm for all of its business litigation matters, from general business disputes to successfully getting a baseless class action dismissed.  Mr. Johnson is aggressive, has a strong work ethic and, of utmost importance to me, has unquestionable integrity.  I have the utmost faith and confidence in Mr. Johnson."

Ted Mount
Owner
Natural Energy

"I first retained Johnson Fistel when my husband and I became concerned with what I thought looked like wrongful conduct by executive management at one of the publicly traded companies in which we had invested.  Mr. Johnson always clearly communicated his strategy and the underlying legal reasons why it needed to done that particular way.  Most importantly, he always responded to any questions or concerns in a timely manner and consistently updated us without overwhelming us with complicated details.  We were very happy with the outcome of the securities case.  When I needed a lawyer again to help me with employment matters, I retained the firm again.  They demonstrated that they were well informed and helped me get a settlement with which I was very pleased.  I highly recommend Johnson Fistel and I would not hesitate to use them again."

Jean Marie Cinotto
Private Investor