James E. Cecchi
Lindsey H. Taylor
CARELLA, BYRNE, CECCHI,
  OLSTEIN, BRODY & AGNELLO, P.C.
5 Becker Farm Road
Roseland, NJ 07068
(973) 994-1700

Liaison Counsel for Lead Plaintiff

Samuel H. Rudman
Alan I. Ellman
Avital O. Malina
ROBBINS GELLER RUDMAN
  & DOWD LLP
58 South Service Road, Suite 200
Melville, NY 11747
(631) 367-7100

Lead Counsel for Lead Plaintiff

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| GARY CURRAN, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>FRESHPET, INC., et al.,<br><br>Defendants. | Civil Action No. 16-2263(MCA)(LDW)<br><br>**FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE** |

THIS MATTER came before the Court pursuant to the Order Preliminarily Approving Settlement and Providing for Notice ("Notice Order") dated November 20, 2019, on the application of the parties for approval of the Settlement set forth in the Stipulation of Settlement dated October 2, 2019 (the "Stipulation"). Due and adequate notice having been given to the Settlement Class as required in said Notice Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefore,

IT IS THIS |  | day of March, 2020

ORDERED, ADJUDGED, AND DECREED that:

1. This Judgment incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings as set forth in the Stipulation, unless otherwise set forth herein.

2. This Court has jurisdiction over the subject matter of the Litigation and over all parties to the Litigation, including all Members of the Settlement Class.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby affirms its determination in the Notice Order and finally certifies, for purposes of settlement only, a Settlement Class defined as: all Persons who purchased or otherwise acquired the common stock of Freshpet between April 1, 2015 and November 11, 2015, inclusive (the "Settlement Class Period"), and were allegedly damaged thereby. Excluded from the Settlement Class are: (i) Freshpet; (ii) the Individual Defendants; (iii) members of the families of each Individual Defendant; (iv) any entity in which any Defendant has a controlling interest; (v) the officers and directors of Freshpet during the Settlement Class Period; and (vi) the legal representatives, heirs, successors or assigns of any such excluded party.

4. Also excluded from the Settlement Class is any Settlement Class Member that validly and timely requested exclusion in accordance with the requirements set by the Court.

5. The Court finds that: (a) the Members of the Settlement Class are so numerous that joinder of all Settlement Class Members in the Settlement Class is impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (c) the claims of Lead Plaintiff are typical of the claims of the Settlement Class; (d) the Lead Plaintiff and its counsel have fairly and adequately represented and protected the Members of

the Settlement Class; (3) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering (i) the interests of the Members of the Settlement Class individually controlling the prosecution with separate actions; (ii) the extent and nature of any litigation concerning the controversy already commenced by Members of the Settlement Class; (iii) the desirability or undesirability of concentrating the litigation of these claims in this particular forum; and (iv) the difficulties likely to be encountered in the management of the class action.

6. Pursuant to Federal Rule of Civil Procedure 23, the Court hereby approves the Settlement set forth in the Stipulation and finds that:

(a) said Stipulation and the Settlement contained therein, are, in all respects, fair, reasonable, and adequate and in the best interest of the Settlement Class;

(b) there was no collusion in connection with the Stipulation;

(c) the Stipulation was the product of informed, arm's-length negotiations among competent, able counsel; and

(d) the record is sufficiently developed and complete to have enabled Lead Plaintiff and Defendants to have adequately evaluated and considered their positions.

7. Accordingly, the Court authorizes and directs implementation and performance of all the terms and provisions of the Stipulation, as well as the terms and provisions hereof. Except as to any individual claim of those Persons (identified in Exhibit 1 attached hereto) who have validly and timely requested exclusion from the Settlement Class, the Court hereby dismisses the Litigation and all claims asserted therein with prejudice. The Settling Parties are to bear their own costs, except as and to the extent provided in the Stipulation and herein.

8. Upon the Effective Date, and as provided in the Stipulation, Lead Plaintiff shall, and each of the Settlement Class Members shall be deemed to have, and by operation of this Judgment

shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against the Released Persons (including Unknown Claims), whether or not such Settlement Class Member executes and delivers the Proof of Claim and Release form or shares in the Net Settlement Fund. Claims to enforce the terms of the Stipulation are not released.

9. Upon the Effective Date, and as provided in the Stipulation, all Settlement Class Members and anyone claiming through or on behalf of any of them, will be forever barred and enjoined from commencing, instituting, prosecuting, or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal, or administrative forum, asserting any of the Released Claims against any of the Released Persons.

10. Upon the Effective Date, and as provided in the Stipulation, each of the Released Persons shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Defendants' Claims (including Unknown Claims) against the Lead Plaintiff, each and all of the Settlement Class Members, and Lead Plaintiff's Counsel. Claims to enforce the terms of the Stipulation or any order of the Court in the Litigation are not released.

11. The Notice of Pendency and Proposed Settlement of Class Action given to the Settlement Class was the best notice practicable under the circumstances, including the individual notice to all Members of the Settlement Class who could be identified through reasonable effort. Said notice provided the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the proposed Settlement set forth in the Stipulation, to all Persons entitled to such notice, and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23 and the requirements of due process.

12. Any Plan of Allocation submitted by Lead Counsel or any order entered regarding any attorneys' fee and expense application shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.

13. Neither the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is, or may be deemed to be, or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Defendants or their respective Related Parties, or (b) is, or may be deemed to be, or may be used as an admission of, or evidence of, any fault or omission of any of the Defendants or their respective Related Parties in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal. The Defendants and/or their respective Related Parties may file the Stipulation and/or this Judgment from this Litigation in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

14. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of this Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees, expenses, and interest in the Litigation; and (d) all parties herein for the purpose of construing, enforcing, and administering the Stipulation.

15. The Court finds that during the course of the Litigation, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

16.     In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to the Defendants or their insurers, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation, and the Settling Parties shall revert to their respective positions in the Litigation as of July 25, 2019, as provided in the Stipulation.

17.     Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

18.     The Court directs immediate entry of this Judgment by the Clerk of the Court.

_____
MADELINE COX ARLEO, U.S.D.J.

# EXHIBIT 1




# Exclusion Cover Page

Case Name: FreshPet, Inc

Case Code: FPS

Exclusion Deadline: February 18, 2020 (Postmark Date)

Name of Person Filing Exclusion: Anthony Mauro

All joint purchasers or acquirers must sign this claim. Executors, administrators, guardians, conservators, and trustees or others acting in a representative capacity on behalf of a Settlement Class Member must complete and sign this claim on behalf of persons represented by them, and submit evidence of their current authority to act on behalf of that Settlement Class Member, including that your titles or capacities must be stated. The Social Security (or taxpayer identification) number and telephone number of the beneficial owner may be used in verifying the claim. Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

### III. CLAIM FORM

Use Part II of this form entitled "Schedule of Transactions in Freshpet Common Stock" to supply all required details of your transaction(s) in Freshpet common stock. If you need more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form. Sign and print or type your name on each additional sheet.

On the schedules, provide all of the requested information with respect to *all* of your purchases or acquisitions and *all* of your sales of Freshpet common stock which took place during the period April 1, 2015 through and including May 17, 2018, whether such transactions resulted in a profit or a loss. You must also provide all of the requested information with respect to *all* of the shares of Freshpet common stock you held at the close of trading on March 31, 2015, November 11, 2015, and May 17, 2018. Failure to report all such transactions may result in the rejection of your claim.

List each transaction separately and in chronological order, by trade date, beginning with the earliest. You must accurately provide the month, day, and year of each transaction you list.

The date of covering a "short sale" is deemed to be the date of purchase of Freshpet common stock. The date of a "short sale" is deemed to be the date of sale of Freshpet common stock.

For each transaction, copies of broker confirmations or other documentation of your transactions in Freshpet common stock should be attached to your claim. Failure to provide this documentation could delay verification of your claim or result in rejection of your claim.

NOTICE REGARDING ELECTRONIC FILES: Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files. This is different from the online submission process that is available at www.FreshpetSecuritiesSettlement.com. All claimants *must* submit a manually signed paper Proof of Claim whether or not they also submit electronic copies. If you have a large number of transactions and wish to file your claim electronically, you must contact the Claims Administrator at edata@gilardi.com to obtain the required file layout.

1-6-2020

To whom This may concern,

This is Anthony Mauro, I'm writting This letter to be Excluded from this class action.

Thank you

X Anthony L. Mauro

2

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

GARY CURRAN, Individually and on Behalf of All Others Similarly Situated,

Plaintiff,

vs.

FRESHPET, INC., et al.,

Defendants.

No. 2:16-cv-02263-MCA-LDW

<u>CLASS ACTION</u>

## PROOF OF CLAIM AND RELEASE

### I.  GENERAL INSTRUCTIONS

1.  To recover as a Member of the Settlement Class based on your claims in the action entitled *Curran v. Freshpet, Inc., et al.*, No. 2:16-cv-02263-MCA-LDW (D.N.J.) (the "Litigation"), you must complete and, on page 6 hereof, sign this Proof of Claim and Release form ("Proof of Claim"). If you fail to submit a timely and properly addressed (as set forth in paragraph 3 below) Proof of Claim, your claim may be rejected and you may not receive any recovery from the Net Settlement Fund created in connection with the proposed Settlement.

2.  Submission of this Proof of Claim, however, does not assure that you will share in the proceeds of the Settlement of the Litigation.

3.  **YOU MUST MAIL OR SUBMIT ONLINE YOUR COMPLETED AND SIGNED PROOF OF CLAIM, ACCOMPANIED BY COPIES OF THE DOCUMENTS REQUESTED HEREIN, NO LATER THAN FEBRUARY 18, 2020, ADDRESSED AS FOLLOWS:**

*Freshpet Securities Settlement*
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box 43313
Providence, RI 02940-3313
Online Submissions: www.FreshpetSecuritiesSettlement.com

If you are NOT a Member of the Settlement Class, as defined in the Notice of Pendency and Proposed Settlement of Class Action ("Notice"), DO NOT submit a Proof of Claim.

4.  If you are a Member of the Settlement Class and you did not timely request exclusion, you will be bound by the terms of any judgment entered in the Litigation, including the releases provided therein, WHETHER OR NOT YOU SUBMIT A PROOF OF CLAIM.

### II.  CLAIMANT IDENTIFICATION

If you purchased or acquired Freshpet, Inc. ("Freshpet") common stock and held the certificate(s) in your name, you are the beneficial purchaser or acquirer as well as the record purchaser or acquirer. If, however, you purchased or acquired Freshpet common stock and the certificate(s) were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial purchaser or acquirer and the third party is the record purchaser or acquirer.

Use Part I of this form entitled "Claimant Identification" to identify each purchaser or acquirer of record ("nominee"), if different from the beneficial purchaser or acquirer of the Freshpet common stock that forms the basis of this claim. THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL PURCHASER(S) OR ACQUIRER(S) OR THE LEGAL REPRESENTATIVE OF SUCH PURCHASER(S) OR ACQUIRER(S) OF THE FRESHPET COMMON STOCK UPON WHICH THIS CLAIM IS BASED.

Freshpet Securities Settlement
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box 43313
Providence, RI 02940-3313

FPS




RECEIVED JAN 08 2020 By